583 A.2d 403

IN THE MATTER OF THE ADOPTION OF RULES CONCERNING CONDUCT OF JUDGES OF COMPENSATION, N.J.A.C. 12:235–3.11 THROUGH 3.23.

Superior Court of New Jersey
Appellate Division

Submitted November 15, 1990—Decided December 11, 1990.

Before Judges KING, R.S. COHEN and STERN.

*William L. Boyan,* appellant *pro se,* submitted a brief.

*Robert J. Del Tufo,* Attorney General, attorney for respondent (*Michael R. Clancy,* Assistant Attorney General, of counsel and *Lewis A. Scheindlin,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

COHEN, R.S., J.A.D.

William L. Boyan, a Judge of Compensation, appealed the adoption by the Commissioner of Labor of regulations concerning the conduct and discipline of Judges of Compensation. *N.J.A.C.* 12:235–3.11 through 3.23. He contends that the adoption process was faulty and also that the regulations contain a number of unlawful provisions. We agree that the procedures leading to the adoption of the regulations were flawed, and that the regulations must therefore be set aside. We do not reach the substantive faults which appellant says they contain.

The proposed regulations established a Commission of Judicial Performance. Commission action was authorized in the event a Judge of Compensation suffered mental or physical disability, or was guilty of misconduct in office, willful failure to perform his or her duties, incompetence, "habitual intemperance", violations of law or any rule, regulation, policy or procedure of the Division, the Department or the State, or, finally, conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

The Commission was authorized to make preliminary investigations, hold hearings of a sort, dismiss charges with or without an explanation or counseling with the judge, or to report to the Director of the Division of Workers' Compensation when the Commission concludes censure, suspension or removal is called for.

The regulations define and deal with a judge's physical and mental capacity to preside. They authorize physical and mental examinations for good cause, and outline procedures for remov-

al of judges on various grounds and for lesser means of discipline.

The regulations were proposed and published on October 3, 1988, in the New Jersey Register. 20 *N.J.R.* 2442(c). Notice was given there that written comment would be accepted for a period of thirty days. No additional notice was given the Judges of Compensation. The Administrative Procedure Act governs such notices. *N.J.S.A.* 52:14B–4(a)(1) provides:

(a) Prior to the adoption, amendment, or repeal of any rule, except as may be otherwise provided, the agency shall:

(1) Give at least 30 days' notice of its intended action. The notice shall include a statement of either the terms or substance of the intended action or a description of the subjects and issues involved, and the time when, the place where, and the manner in which interested persons may present their views thereon. The notice shall be mailed to all persons who have made timely request of the agency for advance notice of its rule-making proceedings and in addition to other public notice required by law shall be published in the New Jersey Register and shall be filed with the President of the Senate and the Speaker of the General Assembly. *The notice shall be additionally publicized in such manner as the agency deems most appropriate in order to inform those persons most likely to be affected by or interested in the intended action.* Methods that may be employed include publication of the notice in newspapers of general circulation or in trade, industry, governmental or professional publications, distribution of press releases to the news media and posting of notices in appropriate locations. [emphasis supplied.]

Two things are clear from the statute. First is that 30 days is the minimum period permitted to receive public comment. That does not mean that 30 days is a desirable period to choose in every case. There was no need here for haste. Adoption of the regulations was not an emergent matter. The proposed regulations were drafted in the Division of Workers' Compensation without participation of the Workers' Compensation bench or bar. Yet, when the legislative counsel of the New Jersey State Bar Association wrote to ask for an additional four weeks because needed for the Workers' Compensation Section to prepare a response to the Division's proposal, he was turned down. The Commissioner's denial was sent to the legislative counsel in a letter dated November 1, and told him to respond by the deadline, which "appears to be entirely adequate." The deadline was November 2. The Bar Association did not reply. The

Commissioner's letter also noted, "we have received comments ... within the time limits." In fact, the only comment received was the totally negative one dispatched by the Appellant. There were no others.

We need not decide whether the adoption of the shortest permissible comment period, coupled with a refusal to wait to hear from the organized Workers' Compensation bar, would alone require invalidation of the regulations. The circumstances provide a background, however, for determination whether adequate additional notice of the proposed regulations was given to the Judges of Compensation.

*N.J.S.A.* 52:14B–4(a)(1) requires that the notice "shall be additionally publicized in such manner as the agency deems most appropriate in order to inform those persons most likely to be affected by or interested in the intended action." The persons most likely to be affected by or interested in these regulations were clearly the Judges of Compensation. Other groups, such as the Workers' Compensation bar and litigants in the Division, also had an interest but it was much more indirect, and the much larger group was more difficult to communicate with directly. On the other hand, there are some 50 Judges of Compensation. The Division has little difficulty routinely communicating with them on ordinary matters of much less consequence than this.

The Department's official response to the notice issue was published at 21 *N.J.R.* 23:

> The Department is not required to notify each affected person directly. The Department believed that the most effective notice for the judges of compensation would be the one that appeared in the New Jersey Register. Additionally, all of the supervising judges were verbally [sic] informed of the proposal, and the commenter himself [the Appellant] admits that he received notice of the rule directly from a judge well in advance of the comment deadline.

*N.J.S.A.* 52:14B–4(a)(1) requires publication of notice in the New Jersey Register. The very next sentence in the section says that the notice *shall be additionally publicized* for the "persons most likely to be affected." "Shall" appears to mean

shall and "additionally" certainly means something beyond publication in the New Jersey Register.

We need not describe the outer boundaries of the requirement in order to decide this case. It is enough to hold that a proposed regulation directly, uniquely and significantly affecting about 50 state employees whose identities and addresses are well known, must be additionally publicized to inform them of the proposed regulation and the time and manner of comment. The agency has discretion to decide what means of additional publication is most appropriate, which means most practical, suitable and effective. When dealing with 50 state employees who as a group receive regular mailings from their Division, individual mailing is obviously practical, suitable and effective. It may not be the only appropriate means, but it is a mistaken exercise of discretion to do no more than to inform "verbally" (which we take to mean orally, by word of mouth) the group's supervisors of the lengthy and technical proposed new regulation. In all the circumstances, we hold that the regulation was not adopted in substantial compliance with the Administrative Procedure Act. *N.J.S.A.* 52:14B–4(d).

The notice requirements of *N.J.S.A.* 52:14B–4(a)(1) should not be approached grudgingly. The goal should be to afford effective notice, to the end that public comment be encouraged and given a meaningful role in the process of rule adoption. The goal should not be to give the least glimpse of the proposed rule that the law allows, to the end that opposition have insufficient time even to clear its throat.

*N.J.A.C.* 12:235–3.11 through 3.23 were invalidly adopted. They are therefore vacated.