938 A.2d 184 (2008)
397 N.J. Super. 545
Christine GILLESPIE, Appellant
v.
DEPARTMENT OF EDUCATION, State Board of Education, Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 2007.
Decided January 17, 2008.
*185 Joseph M. Gillespie, argued the cause for appellant.
Sarah T. Darrow, Deputy Attorney General, argued the cause for respondents (Anne Milgram, Attorney General, for respondents; Lewis A. Scheindlin, Assistant Attorney General, of counsel; Ms. Darrow, on the brief).
Before Judges SKILLMAN, WINKELSTEIN and YANNOTTI.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
Christine Gillespie appeals from a final determination of the Department of Education, which denied her petition for an amendment to an administrative rule which provides that a State district school superintendent may in certain circumstances determine whether there is probable cause to support charges against tenured employees of the district. For the reasons that follow, we affirm. *186

I.
The regulation at issue provides in pertinent part that when charges are preferred against certain tenured employees of a district board of education or of a State-operated school district, for reasons other than inefficiency, the local school board or the State district superintendent shall file the written charges with the Commissioner of Education. N.J.A.C. 6A:3-5.1(a). The regulation requires that the charges and a sworn statement of supporting evidence be provided to the employee involved. N.J.A.C. 6A:3-5.1(b)(2). The regulation states that, after receipt of a written statement from the employee or the expiration of fifteen days:
[T]he district board of education shall determine by a majority vote of its full membership, or the State district superintendent shall determine, within 45 days whether there is probable cause to credit the evidence in support of the charges and whether such charges, if credited, are sufficient to warrant a dismissal or reduction of salary.
[N.J.A.C. 6A:3-5.1(b)(4) (emphasis added).]
The regulation establishes similar procedures for charges of inefficiency by tenured employees when any such insufficiency may warrant dismissal or a reduction in salary. N.J.A.C. 6A:3-5.1(c).
Appellant is a tenured teacher in the Newark school system. Tenure charges were preferred against her. On April 4, 2006, appellant filed a petition seeking an amendment to N.J.A.C. 6A:3-5.1. Appellant maintained that the rule was inconsistent with N.J.S.A. 18A:6-11, because it permits the State district superintendent, rather than the local district board of education, to determine whether there is probable cause for the tenure charges filed against employees in State-operated school districts. Appellant also asserted that the rule was adopted without compliance with the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -15 (APA).
The Department published notice of appellant's petition for rulemaking. 38 N.J.R. 2216(a) (May 15, 2006). The Department thereafter reviewed the matter and determined that "no amendments to the current rules are warranted." 38 N.J.R. 2890(a) (July 3, 2006). The Department determined that in districts under State control, State law "clearly and unequivocally" confers upon the State district superintendent "the power to act in the manner ordinarily assigned to local district boards of education throughout the school laws." The Department further found that rule had been adopted in "full compliance" with the APA. Ibid. This appeal followed.

II.
We first consider appellant's contention that the regulation is inconsistent with N.J.S.A. 18A:6-11 because it provides that the State district superintendent may determine whether there is probable cause to support charges against tenured employees. Appellant argues that N.J.S.A. 18A:6-11 mandates that all such determinations be made by the local district board of education.
In considering whether the regulation is ultra vires, we are guided by the well-established principle that a regulation adopted by an administrative agency pursuant to authority granted by the Legislature is entitled to a presumption of validity. T.H. v. Div. of Dev. Disabilities, 189 N.J. 478, 490, 916 A.2d 1025 (2007). "[Because] coordinate branches of government should not encroach upon each other's responsibilities," we are strongly inclined "to defer to agency action that is consistent with the legislative grant of power." Lower *187 Main St. Assocs. v. N.J. Hous. & Mortgage, 114 N.J. 226, 236, 553 A.2d 798 (1989). We will set aside an administrative regulation "only in those rare circumstances when it is clear that the agency action is inconsistent with the legislative mandate." Williams v. Dept. of Human Servs., 116 N.J. 102, 108, 561 A.2d 244 (1989).
We begin our consideration of appellant's contentions by reviewing the relevant provisions of the Tenure Employees Hearing Law, N.J.S.A. 18A:6-10 to -18, which was enacted in 1967 as part of a comprehensive revision and re-codification of the school laws, and amended in 1975. See L. 1967, c. 271; L. 1975, c. 304. Pursuant to N.J.S.A. 18A:6-10, a person who holds a tenured position or employment in the public school system may not be dismissed, or have his or her compensation reduced, "during good behavior . . . except for inefficiency, incapacity, unbecoming conduct, or other just cause. . . ." The tenured employee is entitled to a hearing before "the [C]ommissioner, or a person appointed by him to act in his behalf, after a written charge or charges, of the cause or causes of complaint, shall have been preferred against such person,. . . ." Ibid.
The procedures for filing tenure charges against public school employees are spelled out in N.J.S.A. 18A:6-11, which states in pertinent part:
Any charge made against any employee of a board of education under tenure during good behavior and efficiency shall be filed with the secretary of the board in writing, and a written statement of evidence under oath to support such charge shall be presented to the board. The board of education shall forthwith provide such employee with a copy of the charge, a copy of the statement of the evidence and an opportunity to submit a written statement of position and a written statement of evidence under oath with respect thereto. After consideration of the charge, statement of position and statements of evidence presented to it, the board shall determine by majority vote of its full membership whether there is probable cause to credit the evidence in support of the charge and whether such charge, if credited, is sufficient to warrant a dismissal or reduction of salary. The board of education shall forthwith notify the employee against whom the charge has been made of its determination,. . . . In the event the board finds that such probable cause exists and that the charge, if credited, is sufficient to warrant a dismissal or reduction of salary, then it shall forward such written charge to the commissioner for a hearing. . . .
[Ibid.]
Although N.J.S.A. 18A:6-11 requires that the district board of education determine whether there is probable cause for tenure charges, that provision of the statute has been superseded in part by statutes that authorize the State to operate certain school districts and empower the State district superintendent to make the probable cause determinations required by N.J.S.A. 18A:6-11 in certain circumstances.
In 1987, legislation was enacted which, among other things, authorized the creation of State-operated school districts. L. 1987, c. 399. The 1987 legislation has been amended by L. 1995, c. 179; L. 2005, c. 235; and L. 2007, c. 16. The statutes currently authorize the State Board of Education to issue an administrative order placing a school district under "partial State intervention" or "full State intervention." N.J.S.A. 18A:7A-14; N.J.S.A. 18A:7A-15. The State Board's authority to issue such an order is based upon its evaluation of the district's performance in *188 five categories of "school district effectiveness," which are "instruction and program; personnel; fiscal management; operations; and governance." N.J.S.A. 18A:7A-10.[1]
When the State Board issues an order placing a district under "full State intervention," the schools of the district "may be conducted by and under the supervision of a State district superintendent of schools appointed by the State [B]oard upon recommendation of the [C]ommissioner." N.J.S.A. 18A:7A-35a. "The State district superintendent shall perform such duties and possess such powers as deemed appropriate by the [C]ommissioner." N.J.S.A. 18A:7A-35d.
The State district superintendent has the power to "[p]erform all acts and do all things, consistent with law and the rules of the State [B]oard, necessary for the lawful and proper conduct, equipment and maintenance of the public schools of the district." N.J.S.A. 18A:7A-38b. In addition, "[a]ll officers, employees and consultants, professional and nonprofessional, certified and noncertified, shall be employed or retained, transferred and removed in accordance with the improvement plan which has been approved by the [C]ommissioner." N.J.S.A. 18A:7A-42a. Subject to the approval of the Commissioner, the State district superintendent is empowered to:
make all personnel determinations relative to employment, transfer and removal of all officers and employees, professional and nonprofessional, except that the services of the district auditor or auditors and attorney or attorneys shall be immediately terminated by creation of a school district under full State intervention.
[N.J.S.A. 18A:7A-42a(3).]
Moreover, when the State Board places the district under "full State intervention," it must retain the district board of education in place at the time. N.J.S.A. 18A:7A-47. However, the powers of the district board are purely advisory. Ibid. With the State Board's approval, the Commissioner may appoint up to three additional non-voting members of the district board. Ibid. Six months later, the Commissioner must determine whether these three additional members "shall become voting members of the advisory board of education." Ibid. (emphasis added).
Because the board of education in a district under "full State intervention" acts only as an advisory board, it cannot exercise the power under N.J.S.A. 18A:6-11 to determine whether there is probable cause for charges against tenured employees of the district. In those circumstances, the State district superintendent is authorized to make the probable cause determinations in the exercise of his or her power under N.J.S.A. 18A:7A-42a(3) to make all personnel decisions regarding the district's employees.
In addition, the State district superintendent may make the probable cause determinations required by N.J.S.A. 18A:6-11 when a district that has been placed under "partial State intervention" after having been under "full State intervention." In these circumstances, the district board continues "to have the rights, powers, and duties of an advisory board, until *189 the district successfully meets the quality performance indicators for the governance component of school district effectiveness." N.J.S.A. 18A:7A-49c. The State Board "may return some voting functions to the board of education as part of and in furtherance of the process of transition to local control." Ibid. However, "[i]f some voting functions are returned to the board of education, the commissioner or his designee shall have the authority to veto any action by the board of education until the governance component of school district effectiveness is returned to local control." Ibid.
Accordingly, a district board that is under "partial State intervention," after having been under "full State intervention," is not authorized to make the probable cause determinations required by N.J.S.A. 18A:6-11 unless the State Board had returned to the district board the power to vote on those decisions. Until that power is returned, and the district board's actions are not subject to the veto power of the Commissioner or his designee, the probable cause determinations must be made by the State district superintendent.[2]
Appellant argues that the district board of education retains the authority to decide whether there is probable cause for tenure charges in all cases, regardless of whether the district is operating under full State intervention, or is in transition back to local control. In support of this contention, appellant relies upon N.J.S.A. 18A:7A-45. The statute requires that the State district superintendent evaluate all building principals and vice-principals when the district is placed under "full State intervention." N.J.S.A. 18A:7A-45b. The statute provides that any dismissals of tenured building principals or vice-principals be conducted in compliance with N.J.S.A. 18A:6-11 and certain other provisions of the Tenure Employees Hearing Law, "except that the State district superintendent shall act as the board of education in all respects." N.J.S.A. 18A:7A-45c.
Although there is no provision in the law that expressly empowers a State district superintendent to "act as the board of education" when charges are preferred against tenured employees other than building principals and vice-principals, that authority is encompassed within the broad power delegated to the superintendent under N.J.S.A. 18A:7A-42a(3) to make all personnel decisions regarding employees in the district. Furthermore, as we have explained, when a district board of education is only authorized to act as an advisory board, or if the board's actions are subject to being overridden by the Commissioner or his designee, the power to make the probable cause determinations required by N.J.S.A. 18A:6-11 rests with the State district superintendent.
Therefore, we conclude that the Department correctly determined that an amendment to N.J.A.C. 6A:3-5.1 is not required. The rule properly recognizes that, in certain circumstances, a State district superintendent has the authority to make probable cause determinations regarding tenure charges preferred against employees of a school district.

*190 III.
Appellant next argues that the regulation was promulgated in violation of the APA. The regulation was initially adopted by the State Board in 2000 following a comprehensive review of the regulations governing controversies and disputes arising under the school laws. 32 N.J.R. 1177(a) (April 3, 2000). In 2005, the State Board re-adopted the regulations. 37 N.J.R. 1051(b) (April 4, 2005). Appellant contends that the regulations were adopted and re-adopted without providing adequate notice to "persons most likely to be affected by or interested in the" rules, as required by N.J.S.A. 52:14B-4(a)(1).
We note initially that there is some doubt as to whether the specific provision of the regulation challenged by appellant constitutes an "administrative rule" that must be adopted in accordance with the APA. The term "administrative rule" is defined in N.J.S.A. 52:14B-2(e) to mean an "agency statement of general applicability and continuing effect that implements or interprets law or policy, or describes the organization, procedure or practice requirements of any agency." An agency statement is considered to be an "administrative rule" and subject to the APA's rule-making requirements if it appears that the statement:
(1) is intended to have wide coverage encompassing a large segment of the regulated or general public, rather than an individual or a narrow select group; (2) is intended to be applied generally and uniformly to all similarly situated persons; (3) is designed to operate only in future cases, that is, prospectively; (4) prescribes a legal standard or directive that is not otherwise expressly provided by or clearly and obviously inferable from the enabling statutory authorization; (5) reflects an administrative policy that (i) was not previously expressed in any official and explicit agency determination, adjudication or rule, or (ii) constitutes a material and significant change from a clear, past agency position on the identical subject matter; and (6) reflects a decision on administrative regulatory policy in the nature of the interpretation of law or general policy.
[Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 331-32, 478 A.2d 742 (1984).]
The rule at issue in this case provides that a State district superintendent may determine whether there is probable cause for tenure charges preferred against school employees. As we have explained, the authority of the State district superintendent to make such determinations in certain situations is directly and obviously inferable from the plain language of the statutes that permit the State to place school districts under State intervention. In our view, a regulation was not required in order to allow a State district superintendent to exercise such clearly delegated statutory powers.
Nevertheless, assuming that the regulation is based upon an interpretation of the relevant statutes, we are convinced that it was adopted in compliance with the APA, which provides in pertinent part that prior to the adoption of any rule, the agency shall:
[g]ive at least 30 days' notice of its intended action. The notice shall include a statement of either the terms or substance of the intended action or a description of the subjects and issues involved, and the time when, the place where, and the manner in which interested persons may present their views thereon. The notice shall be mailed to all persons who have made timely request of the agency for advance notice of its rule-making proceedings and . . . *191 shall be published in the New Jersey Register. Each agency shall additionally publicize the intended action and shall adopt rules to prescribe the manner in which it will do so, and inform those persons most likely to be affected by or interested in the intended action.
[N.J.S.A. 52:14B-4(a)(1).]
When the regulation was initially proposed, notice of the rule proposal was published in the New Jersey Register. 31 N.J.R. 4173(a) (December 20, 1999). The public was given thirty days in which to comment on the rule proposal. Ibid. The rules were proposed for adoption following a comprehensive review of all rules pertaining to the determination of controversies and disputes arising under the school laws, which had began in April 1999 at a public meeting of the State Board.
According to Erika Leak, a special assistant to the Commissioner of Education, the agenda for the April 1999 meeting was broadly disseminated to numerous individuals and organizations on the Board's "agenda list." In addition, a draft of the rules was discussed by the State Board at its public meetings on July 7, 1999; August 4, 1999, August 18, 1999; and October 6, 1999. The agenda for each of those meetings was publicized and posted in accordance with the Open Public Meetings Act, N.J.S.A. 10:4-1 to -21; mailed to those on the Board's "agenda list," and posted on the Department of Education's web site.
After the rule proposal was published in the New Jersey Register on December 20, 1999, notice of the proposal was posted on the Department's web site and notices of the proposed rulemaking were mailed to school administrators and education organizations throughout the State. The comments received concerning the proposed rules were considered by the State Board at a public meeting held on March 1, 2000.
Appellant argues, however, that the Department should have provided mailed notice of the proposed rules to each of the employees in all State-operated school districts. In support of this contention, appellant relies upon our decision in In re Adoption of Rules, 244 N.J.Super. 683, 583 A.2d 403 (App.Div.1990). Appellant's reliance upon that decision is misplaced.
In re Adoption of Rules involved the adoption of regulations that established a commission to evaluate and recommend when appropriate the "censure, suspension or removal" of workers' compensation judges. Id. at 684, 583 A.2d 403. When the rules were proposed for adoption, the Commissioner of Labor published notice of the rule proposal in the New Jersey Register and invited public comment. Notice was not given to the workers' compensation judges but the supervising judges were informed verbally of the proposal. Id. at 684-85, 583 A.2d 403.
We invalidated the rules, finding that the notice did not satisfy the requirements of N.J.S.A. 52:14B-4(a)(1). Id. at 687, 583 A.2d 403. We noted that the statute requires notice in addition to that provided by publication in the New Jersey Register. We added:
We need not describe the outer boundaries of the requirement in order to decide this case. It is enough to hold that a proposed regulation directly, uniquely and significantly affecting about 50 state employees whose identities and addresses are well known, must be additionally publicized to inform them of the proposed regulation and the time and manner of comment. The agency has discretion to decide what means of additional publication is most appropriate, which means most practical, suitable and effective. When dealing with 50 state employees who as a group receive *192 regular mailing from their Division, individual mailing is obviously practical, suitable and effective. It may not be the only appropriate means, but it is a mistaken exercise of discretion to do no more than to inform "verbally" (which we take to mean orally, by word of mouth) the group's supervisors of the lengthy and technical proposed new regulation.
[Ibid.]
The rules at issue here were adopted in circumstances that are significantly different from those presented in In re Adoption of Rules. As noted previously, the rules included in that case directly affected only fifty individuals, whereas the rules governing controversies and disputes arising under the school laws potentially apply to thousands of school employees. Moreover, as we have stated, the notice of the proposed rulemaking in this case was broadly disseminated to a wide variety of interested persons and organizations. In our view, the notice provided here satisfied the requirements of N.J.S.A. 52:14B-4(a)(1).

IV.
Appellant also argues that the regulation denies due process to tenured employees in school districts placed under State intervention because the regulation provides that in certain circumstances the State district superintendent rather than the local board of education may determine whether there is probable cause to support tenure charges. Again, we disagree.
Assuming solely for purposes of our decision that a tenured employee has a constitutional right to due process when a probable cause determination is made regarding tenure charges, we are convinced that the statute provides the affected employee all of the process that is due. In determining whether a particular procedure satisfies due process, we weigh several factors:
First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
[Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976).]
Our consideration of these factors leads us to the conclusion that a tenured employee is not denied due process merely because the probable cause determination is made by a State district superintendent rather than the district board of education.
We emphasize that under N.J.S.A. 18A:6-11, the employee is provided with notice and an opportunity to be heard before the probable cause determination is made. If tenure charges are certified, the employee is provided the opportunity for a hearing before a final decision is made. We see little risk of an erroneous deprivation of any protected interest that a tenured employee may have if the probable cause determination is made by the State district superintendent rather than the district board of education. Accordingly, we are not convinced that different or additional procedural safeguards are required.
Affirmed.
NOTES
[1] A school district may be placed under "partial State intervention" if it satisfies less than 50% of the quality performance indicators in one to four of the five categories. N.J.S.A. 18A:7A-14c(3). Based on the district's progress in implementing an improvement plan, the State Board may place the district under "full State intervention." N.J.S.A. 18A:7A-14e; N.J.S.A. 18A:7A-15a. The district board is entitled to a hearing before the district is placed under either "partial" or "full" State intervention. N.J.S.A. 18A:7A-14c(3); N.J.S.A. 18A:7A-15a.
[2] We note that prior to the enactment of the 2005 legislation, the State Board ordered the creation of State-operated districts in Newark, Jersey City and Paterson. Under prior law, the State district superintendent was required to bring certain "legal matters" before the district board but could veto the board's actions. N.J.S.A. 18A:7A-48b (repealed by L. 2005, c. 235, § 40). The 2005 legislation required the Commissioner to evaluate the State-operated school districts so that the State Board could determine whether the district should be placed under partial or full State intervention. N.J.S.A. 18A:7A-53b.