**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2013
_____

CHRISTINE GILLESPIE,

Appellant

v.

MR. CLIFFORD JANEY, Individually and in his capacity as State District
Superintendent, N.P.S.; MR. RON HALE, Individually and in his capacity as Risk
Manager, N.P.S.; MR. PERRY LATTEBOUDERE, Esq., Individually, and in his
capacity as counsel, N.P.S.; MS. CHERRIE ADAMS, Esq., Individually, and in her
capacity as counsel, N.P.S.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-00885)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit LAR 34.1
June 24, 2011

Before: HARDIMAN, VANASKIE, AND GREENBERG, *Circuit Judges*

(Opinion Filed:  August 16, 2011)

_____

OPINION OF THE COURT

_____

VANASKIE, *Circuit Judge*.

Christine Gillespie appeals the District Court's dismissal of her original complaint and denial of her request to file an amended complaint. Discerning no error in the District Court's decision, we will affirm.[1]

I.

In 1987, the New Jersey legislature enacted a law authorizing the creation of State operated school districts. *See Gillespie v. Dep't of Educ.*, 938 A.2d 184, 187 (N.J. Super. Ct. App. Div. 2008), *cert. denied*, 949 A.2d 849 (N.J. 2008). The State Board of Education (the "Board") is authorized to issue an administrative order placing a school district under partial or full State intervention. N.J. Stat. Ann §§ 18A:7A-14, 7A-15.

On July 12, 1995, the Board placed the School District of the City of Newark (the "District") on full State intervention, taking over the "Newark public school system pursuant to N.J.S.A. 18A:7A-34 to -52, . . . remov[ing] the Newark Board of Education . . . , [thus] creat[ing] the State Operated School District of the City of Newark." *Caponegro v. State Operated Sch. Dist. of the City of Newark*, 748 A.2d 1208, 1209 (N.J. Super. Ct. App. Div. 2000). The Board appointed a State School District Superintendent, who assumed the responsibilities of the Board. *See* N.J. Stat. Ann. § 18A:7A-35.

By letter dated December 30, 2002, Perry M. Latiboudere[2] of the District's Office of General Counsel issued a Notice of Proposed Action to Gillespie informing her that

---

[1] As we write only for the parties, who are familiar with the facts and procedural history of the case, we state the background of this case only to the extent that it is necessary to our analysis. We will cite to the Appendix as "A." and the Supplemental Appendix as "S.A."

2

tenure charges had been filed against her pursuant to the New Jersey Employees' Tenure Act (the "Tenure Act"), N.J. Stat. Ann. § 18A:6-11. The charges asserted that Gillespie was absent without leave, abandoned her position, and/or was incapacitated. In January 2003, Gillespie submitted a 160-page response to the charges. A Certificate of Determination, dated February 19, 2003 and bearing the signature of State District Superintendent Marion Bolden ("Superintendent Bolden"), found that the charges were supported by probable cause. On February 20, 2003, the District issued a Personnel Action Notice informing Gillespie of the probable cause determination and that Superintendent Bolden was certifying the charges to the Commissioner of Education.[3] The Commissioner's office received the charges on February 27, 2003.

At Gillespie's request, adjudication of the tenure charges was deferred pending resolution of her workers' compensation claim.[4] By letter dated February 12, 2009, the Administrative Law Judge ("ALJ") assigned to Gillespie's tenure charge proceeding was informed that the workers' compensation claim had been dismissed. On February 26, 2009, Gillespie, proceeding *pro se*, initiated this action, asserting as her entire "Cause of Action" the following:

---

[2] Gillespie incorrectly spelled Latiboudere's name, which is reflected in our case caption.

[3] The record contains two Certificates of Determination, one dated February 19, 2003, the other February 25, 2003. Both were signed by Bolden. Gillespie asserts that there was some impropriety in the issuance of the Certificates of Determination. This contention is more properly presented in the pending tenure charge proceedings.

[4] Plaintiff claims to have sustained a work related injury in 1998, for which she pursued a workers' compensation claim. The workers' compensation claim was dismissed on December 5, 2008. (S.A. 18-19.)

3

The defendants [sic] breach of contract between Newark Public Schools and the Newark Teachers Union, as well as their violations of Plaintiff's substantive and procedural due process rights under the 14th Amendment; violations of Plaintiff's 1st Amendment rights; violations of her rights under the A.D.A. and A.D.E.A.; the denial of Plaintiff's legislatively promised statutory tenure rights as well as the discriminatory and disparate treatment Plaintiff has endured are the bases for the cause of action of this complain [sic].[5]

Further, under a section titled "Demand," Gillespie claimed that she was "denied light duty assignment," that tenure charges were "wrongfully filed," and that she was "illegally suspended without pay" in 2003.

Appellees moved to dismiss in lieu of filing an answer to the complaint.[6] On October 14, 2009, Gillespie filed a motion to amend the complaint and attached a fifty-one page, twelve-count amended complaint as an exhibit. All counts in the proposed amended complaint are couched in terms of § 1983 violations. On March 5, 2010, the District Court granted Appellees' motion to dismiss for failure to state a viable claim for relief and denied Gillespie's motion for leave to file an amended complaint. This appeal followed.

II.

---

[5] Neither party submitted Gillespie's complaint or amended complaint as part of the record on this appeal. We have, however, obtained the documents for our review. In her amended complaint, Gillespie attempts to add as defendants the District, Ann Marie McGoldrick, Marion Bolden, Kathleen Duncan, Lucille Davy, and Josephine Hernandez.

[6] Adjudication of the tenure charges by the ALJ was again deferred pending resolution of the Appellees' motion to dismiss in this matter.

4

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. "[W]e review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007). We review a denial of leave to amend the complaint for abuse of discretion. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). We also "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).

## A.

Central to Gillespie's appeal is her assertion that Superintendent Bolden acted without authority in finding that the tenure charges were supported by probable cause and in certifying the charges to the State Commissioner of Education. Citing N.J. Stat. Ann. § 18A:6-10, she asserts that the tenure charges should have been certified by the local school board of education, rather than Superintendent Bolden. To the extent that Gillespie advances this premise in support of a § 1983 cause of action for denial of substantive due process, her claim is unsustainable.[7] First, as the District Court

---

[7] Gillespie did not raise any arguments in her opening brief pertaining to her Age Discrimination in Employment Act ("ADEA") and American with Disabilities Act ("ADA") claims. Therefore, they are waived. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'") (quoting *Simmons v.*

5

recognized, the statute of limitations on any substantive due process claim arising out of Superintendent Bolden's actions in early 2003 expired well before this action was brought in 2009. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) (New Jersey two-year statute of limitations for personal injury actions, N.J. Stat. Ann. § 2A:14-2, applies to civil rights claims). Second, Gillespie's challenge to the authority of Superintendent Bolden to make a probable cause determination and certify the tenure charges to the Commissioner of Education is foreclosed by her unsuccessful attempt to amend the administrative regulation that explicitly authorized Superintendent Bolden's actions. *See Gillespie*, 938 A.2d at 187-92. The Appellate Division of the New Jersey Superior Court rejected Gillespie's contentions that the regulation (a) was ultra vires as inconsistent with N.J. Stat. Ann. § 18A:6-11; (b) was adopted in violation of the New Jersey Administrative Procedures Act, N.J. Stat. Ann. § 52:14B-1 to -15; and (c) denied Gillespie due process. Under these circumstances, Gillespie cannot show that the conduct of any named defendant was arbitrary, capricious, or so egregious as to shock the conscience, which is the liability standard for a substantive due process claim. *See Fagan v. City of Vineland*, 22 F.3d 1296, 1303 (3d Cir. 1994) (en banc) ("conclud[ing] that the substantive component of the Due Process Clause can only be violated by governmental employees when their conduct amounts to an abuse of official power that 'shocks the conscience'").

---

*City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991) (plurality opinion) (Becker, J.)), *cert. denied*, 503 U.S. 985 (1992).

To the extent that Gillespie seeks to advance a procedural due process claim, dismissal without leave to amend was warranted because, as of the time of the District Court's ruling, the tenure charge proceedings were still pending. Because it is undisputed that Gillespie was on leave without pay status when the tenure charges were filed and remains on that status to date, any Fourteenth Amendment procedural due process claim is premature.[8] *See Wilson v. MVM, Inc.*, 475 F.3d 166, 176 (3d Cir. 2007).

The District Court also properly dismissed as time-barred Gillespie's remaining claims for fraud, retaliation and discrimination in violation of § 1983, and breach of contract.

Under New Jersey law, fraud claims are subject to a six-year statute of limitations, *see* N.J. Stat. Ann. § 2A:14-1, *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group*, 181 F.3d 410, 425 (3d Cir. 1999), "and a cause of action accrues when a plaintiff

---

[8] We note that the delayed and protracted handling of the tenure charges appears to be Gillespie's own doing. Pursuant to N.J. Stat. Ann. § 18A:6-16, the tenure charges were referred to the New Jersey Office of Administrative Law on April 2, 2003. (S.A. 14.) "The matter was scheduled for hearing on several occasions but adjourned because [Gillespie] requested that the matter be placed on the inactive list pending the disposition of a pending Worker's Compensation case." (*Id.*) Accordingly, on January 26, 2004, the ALJ issued an order placing Gillespie's tenure matter on the inactive list. (*Id.*) In a letter dated June 24, 2005 to the ALJ, counsel for Gillespie stated that the workers' compensation case was ongoing and that "its conclusion w[ould] be essentially a material and relevant factor in the tenure case." (*Id.* at 34.) Therefore, counsel for Gillespie requested that the tenure "matter be put on the inactive list until the compensation case is concluded." (*Id.*) On February 12, 2009, counsel for the District requested that the tenure charge proceeding be reactivated because the workers' compensation claim had been concluded. (*Id.* at 17.) Shortly thereafter, Gillespie filed this lawsuit, and at a July 14, 2009 hearing in front of the ALJ, the parties agreed to adjourn the tenure matter until the Appellees' motion to dismiss was decided. According to Appellees, the tenure proceeding was relisted following the District Court's order dismissing this action. (Appellees' Br. at 5.)

7

knows or should know of its existence." *Id.* "The plaintiff must be aware of an injury and a causal relationship between the injury and an actor, but need not know that the conduct is tortious or legally wrongful." *Id.* The limitations period "begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the fraud." *Id.*

Gillespie alleged fraud solely in her amended complaint. Specifically, she claimed that Latiboudere committed fraud with his actions relating to the December 30, 2002 Notice of Proposed Action, that other Appellees falsely claimed that a pre-termination hearing was held, and that the two Certificates of Determination containing different dates in February 2003 are evidence of fraud. All of these matters were known to Gillespie in early 2003. Gillespie did not seek leave to amend her complaint until October 2009, approximately six and one-half years after she had knowledge of facts supporting her fraud claim.

As the District Court properly noted, to be timely, the fraud claim in her amended complaint must relate back to her original complaint filed on February 26, 2009. Federal Rule of Civil Procedure 15(c) provides for relation back of certain amended pleadings.[9]

---

[9] Federal Rule of Civil Procedure 15(c)(1) (2008) states, in pertinent part:

> An amendment to a pleading relates back to the date of the
> original pleading when:
> (A) the law that provides the applicable statute of limitations
> allows relation back;
> (B) the amendment asserts a claim or defense that arose out of
> the conduct, transaction, or occurrence set out—or attempted
> to be set out—in the original pleading; or

8

"Rule 15(c) is premised on the notion that a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading." *Bensel v. Allied Pilots Assoc.*, 387 F.3d 298, 310 (3d Cir. 2004). "In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *Id.* The District Court correctly found that Gillespie's original complaint failed to provide any notice of a fraud claim.

All of the events giving rise to Gillespie's discrimination and retaliation claims also occurred in 2002 and early 2003. By way of example, Gillespie was given notice of the tenure charges on December 30, 2002, and she indicated to the District Court that she received the letter on December 31, 2002. Further, Gillespie responded to the charges in January 2003, and the Commissioner received the Certificate of Determination on February 27, 2003. Thus, her claims of discrimination and retaliation also accrued no later than early 2003 and are barred by the two-year limitations period.

---

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Gillespie contends that New Jersey recognizes the continuing violation exception. (*See* Appellant's Br. at 61.) As the District Court accurately noted, however, Gillespie "does not allege a pattern or practice of intentional discrimination" in her complaint or amended complaint. (A. 11.) *See Jewett v. Int'l Tel. & Tel. Corp.*, 653 F.2d 89, 91 (3d Cir. 1981). Therefore, dismissal of her § 1983 claims as untimely was appropriate.

Nor is Gillespie's breach of contract claim timely.[10] The District Court appropriately found that the statute of limitations began to run in December 2002 when she was notified of the tenure charges via the Notice of Proposed Action letter. The complaint, filed on February 26, 2009, was not filed within the limitations period. We find Gillespie's claims that she did not discover her contract claim until October 2007, while she "was preparing arguments challenging rules in the Appellate Division of Superior Court," and that the breach occurred on February 27, 2003, unavailing. (Appellant's Br. at 58.) Accordingly, the District Court correctly found that Gillespie's contract claim was time-barred.[11]

---

[10] Although Gillespie claims that the District breached the collective bargaining agreement, she has failed to provide this Court with a copy of the alleged contract.

[11] Gillespie also claims that the District Court erroneously resolved factual disputes when rendering its decision to grant the Appellees' motion to dismiss because it considered the *Gillespie* opinion. Specifically, she reiterates that the *Gillespie* appellate court "erred in granting agency deference[,]" and that the "promulgated rules" constitute an "ultra vires action[.]" (Appellant's Br. at 35.) These arguments are frivolous. Further, Gillespie claims that the District Court "misstated the facts in this case to have it appear that Appellant was provided a hearing." (*Id.* at 39.) To the contrary, the District Court observed: "The Personnel Action Notice actually states that the State District Superintendent of the State Operated School District of the City of Newark 'considered' the charges *but does not explicitly state that a hearing was conducted*." (A. 11 n.5) (emphasis added).

B.

Gillespie maintains that she was entitled to amend her complaint under Federal Rule of Civil Procedure 15(a) as a matter of right. It is, of course, true that under the version of Rule 15(a) in effect in October of 2009 a party could amend its complaint once as a matter of course "20 days before being served with a responsive pleading; or . . . within 20 days after serving the pleading if a responsive pleading is not allowed." The Appellees moved to dismiss Gillespie's complaint on July 31, 2009. Although Gillespie had the right to amend her complaint as a matter of course, she did not do so. Instead, she requested leave to file an amended complaint. Significantly, in addressing Appellees' Rule 12(b)(6) motion, the District Court assessed the claims presented in the proposed amended complaint and found them to be without arguable merit, concluding that they "would not survive a motion to dismiss." (A. 13.) We concur with the District Court's finding and, accordingly, sustain the decision to deny leave to amend the complaint.[12]

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[12] Our review of the record lends no credence to Gillespie's unsubstantiated claim that the District Court was biased.

11