

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2009

# Patricia Smith v. Andrea Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3238

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Patricia Smith v. Andrea Clark" (2009). *2009 Decisions.* Paper 1876.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1876

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3238
_____

PATRICIA SMITH, E/O Willie F. Smith; PATRICIA SMITH;
MARY SCOTT; CHRISTINE SMITH,

Appellants

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL;
JEFFERSON MEDICAL COLLEGE; VINCENT ARMENTI, M.D.;
ANDREA CLARK, R.N.; BECKIE MICHAEL, D.O.;
BRENDA HOFFMAN, MD., Intermediate Dialysis Unit; MARCY B. TANKER;
ATTORNEY ROBERT A. JUBELIRER; ATTORNEY VAL PLEET WILSON;
ATTORNEY FREDRIC L. GOLDFEIN,

(Pursuant to F.R.A.P. 12(a))
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cv-02478)
District Judge:  Honorable Norma L. Shapiro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2009

Before:  FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

(Filed: February 11, 2009)
_____

OPINION
_____

PER CURIAM

Mary Scott, Christine Smith, and Patricia Smith (together, the "Smiths") appeal from the District Court's order dismissing their complaint for lack of subject matter jurisdiction. For the following reasons, we will affirm.

This matter arises from a medical malpractice action currently pending in the Philadelphia County Court of Common Pleas. In February 2005, the Smiths initiated that action against Thomas Jefferson University Hospital, Jefferson Medical College, and several medical professionals in connection with the death of their father, Willie F. Smith. (Jan. Term, 2005, No. 4090.) The Smiths and their attorney, Val Pleet Wilson, subsequently agreed to resolve the dispute by participating in a binding arbitration. Following the arbitration on April 12, 2007, the parties settled the case for $105,000.00.

It appears, however, that the Smiths then refused to execute a release to finalize the settlement. The Smiths claimed that Attorney Wilson had failed to adequately represent their interests at the arbitration, and that, after the arbitration, they had learned that the doctor who performed their father's surgery was not board-certified as a surgeon. Despite the Smiths' complaints, the Court of Common Pleas enforced the agreement and instructed the Smiths to comply with its terms.

Apparently dissatisfied with the state court's ruling, the Smiths then filed the present pro se complaint in the United States District Court for the Eastern District of Pennsylvania. The complaint named as defendants the same parties from the state court

2

action as well as the attorneys who had participated in the arbitration. In the complaint, the Smiths again alleged that the doctor who performed their father's surgery was not board-certified as a surgeon. The Smiths further alleged that one of the medical experts at the arbitration lacked sufficient credentials, and that their father's hospital discharge papers had been forged. Lastly, the Smiths claimed that Attorney Wilson, by agreeing to the settlement, had conspired with the defense to cover up the defendants' malpractice.

All defendants moved to dismiss the complaint for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). Following a hearing on June 23, 2008, the District Court determined that the Smiths' complaint was an improper attempt to appeal from the state court's decision to enforce the settlement agreement, and held that it lacked jurisdiction to review that decision under the Rooker-Feldman doctrine. The District Court further held that the complaint did not allege any basis for federal question or diversity jurisdiction. Therefore, by order entered July 7, 2008, the District Court granted the defendants' motion to dismiss for lack of subject matter jurisdiction. This appeal followed.[1]

Upon review, we believe that the District Court correctly concluded that it lacked jurisdiction over the Smiths' complaint. First, insofar as the Smiths' complaint sought

_____

[1]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. Gary v. Braddock Cemetery, 517 F.3d 195, 200 n. 4 (3d Cir. 2008); Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007).

3

review of the state court's ruling on the settlement agreement, the District Court properly held that it falls squarely within the class of actions prohibited by the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Desi's Pizza, Inc. v. City of Wilkes Barre</u>, 321 F.3d 411, 419 (3d Cir. 2003) (explaining that, pursuant to the <u>Rooker-Feldman</u> doctrine, district courts lack jurisdiction to adjudicate actions in which the relief requested requires the court to determine that the state court's decision was wrong). Furthermore, the District Court could not entertain federal question jurisdiction over the complaint because it did not allege any violations of a federal statute or the Constitution.[2] <u>See</u> 28 U.S.C. § 1331. Finally, as the District Court noted, jurisdiction could not be based on diversity of citizenship between the parties because the parties in this action are all citizens of the Commonwealth of Pennsylvania. <u>See</u> 28 U.S.C. § 1332. Therefore, the District Court correctly concluded that it lacked subject matter jurisdiction over the complaint.

---

[2]In their Notice of Appeal and their brief, the Smiths make several allegations about minority discrimination in the state's legal system. We need not address these allegations, however, because they were not raised before the District Court. <u>See</u> <u>Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.</u>, 927 F.2d 1283, 1298 (3d Cir. 1991).

We have reviewed the Smiths' remaining arguments, and have concluded that they are without merit.[3] Accordingly, for the reasons set forth above, we will affirm the judgment of the District Court.

---

[3]The Smiths' "Motion to Admit Genuineness of Facts," in which they ask the defendants to admit or deny the truth of 13 statements, is denied. The Federal Rules of Appellate Procedure do not provide for requests for admissions in matters on appeal to this Court; a court of appeals reviews a district court's judgment based on the record before the district court.