HLD-112    (March 2011)                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1500
_____

LAWRENCE L. CRAWFORD

v.

STATE OF NEW JERSEY; STATE OF N. CAROLINA; STATE OF
GEORGIA; STATE OF SOUTH CAROLINA; WARDEN CI LIEBER

Lawrence L. Crawford,
a/k/a Jonah Gabriel Jahjah T. Tishbite and Other 40+ Petitioners,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 08-cv-04187)
District Judge:  Honorable Jose Linares
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

Opinion filed: May 13, 2011
_____

OPINION
_____

PER CURIAM.

Lawrence Crawford, proceeding pro se, appeals an order of the United

1

States District Court for the District of New Jersey dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denying his motion for reconsideration. For the reasons that follow, we will affirm the judgment of the District Court.[1]

Crawford, a South Carolina prisoner, filed a habeas petition pursuant to § 2241 in District Court in New Jersey. Crawford's petition did not specify the conviction for which he was incarcerated. The District Court determined that Crawford was serving a life sentence for a conviction in South Carolina state court for the murder of his child. See Crawford v. SC Att'y Gen. Office, No. 06-908, 2006 WL 4766029, *1 (D.S.C. Dec. 18, 2006) (unpublished decision).

The District Court dismissed Crawford's habeas petition for lack of jurisdiction, explaining that jurisdiction over a § 2241 petition lies in the district of confinement. The District Court further ruled that the dismissal was without prejudice to Crawford's filing a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of South Carolina challenging his South Carolina conviction.

Crawford then filed in District Court a motion for reconsideration, a motion to recuse District Judge Julie Carnes,[2] and supporting affidavits and exhibits. The District Court denied these motions, noting that Crawford's filings did not contain a

---

[1] Crawford's motion to reopen his appeal and motion to proceed in forma pauperis are granted.

[2] It appears that the recusal motion is a copy of a document filed by Crawford in the United States District Court for the Western District of Kentucky.

cogent rationale for reconsidering its earlier order or supporting jurisdiction in the District Court. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Crawford's habeas petition for lack of jurisdiction. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). We review the denial of Crawford's motion for reconsideration for abuse of discretion. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The District Court did not err in dismissing Crawford's habeas petition, which did not provide a basis for jurisdiction in the District of New Jersey. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (stating jurisdiction over § 2241 habeas petition lies only in the district of confinement). To the extent Crawford seeks to challenge his state court murder conviction, the District Court also correctly stated that the dismissal was without prejudice to Crawford's filing of a habeas petition pursuant to § 2254 in the District of South Carolina. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting state prisoner must challenge the legality of his custody pursuant to § 2254, not § 2241). The District Court also did not err in denying Crawford's motion for recusal or motion for reconsideration, which provided no basis to reconsider the District Court's earlier decision.

Because this appeal does not present a substantial question, we will affirm

the judgment of the District Court.[3]

_____

---

[3] Crawford's remaining outstanding motions, including his motion to suspend the requirement that other named appellants sign the notice of appeal in order to proceed as parties, are denied.