

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2007

# Ballentine v. USA

Precedential or Non-Precedential: Precedential

Docket No. 06-4800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ballentine v. USA" (2007). *2007 Decisions.* Paper 1033.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1033

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4800
_____

KRIM M. BALLENTINE,

*Appellant*

v.

UNITED STATES OF AMERICA

_____

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
(D.C. Civil No. 99-cv-00130)
District Judge: Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2007

Before: SLOVITER, STAPLETON, and VAN
ANTWERPEN, *Circuit Judges.*

(Filed May 10, 2007)

## OPINION OF THE COURT

Krim M. Ballentine, Pro Se
5c-17/5d Estate Santa Maria
P. O. Box 305396
St. Thomas, V.I. 00803

*Pro Se Appellant*

Michael J. Singer
United States Department of Justice
Civil Division, Room 7266
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Matthew M. Collette
United States Department of Justice
Civil Division, Appellate Staff
Room 9008 PHB
601 D Street, N.W.
Washington, DC 20530

Jocelyn Hewlett
Office of United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas, USVI 00802

VAN ANTWERPEN, *Circuit Judge.*

Appellant Krim Ballentine, a citizen of the United States Virgin Islands, appeals the decision of the District Court of the Virgin Islands to grant Appellee United States' motion for dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6). We will affirm the District Court's decision and adopt its well-reasoned opinion in full.

## I.

The facts in this case are not in dispute. *Pro se* appellant Krim Ballentine was born in Missouri in 1936, and worked as a deputy United States Marshal in the continental United States for many years. In 1973, the Marshal Service transferred Ballentine to the United States Virgin Islands. In 1985, Ballentine retired from the Marshal Service and took permanent residence in the Virgin Islands.

On July 30, 1999, Ballentine brought an action against the United States in the District Court of the Virgin Islands asserting various constitutional claims stemming from (1) his inability, as a resident of the Virgin Islands, to vote in the election of the President of the United States or be represented by voting members of Congress and (2) the status of the Virgin Islands as an unincorporated territory. The United States moved to dismiss Ballentine's claims. In a memorandum dated October 15, 2001, District Court Judge Thomas K. Moore chronicled in detail the history of Virgin

3

Islands governance from 1906, when the Islands were a colony of Denmark, to present. *See Ballentine v. United States*, No. 1999-130, 2001 WL 1242571 (D.V.I. 2001). In so doing, Judge Moore clarified and expounded upon Ballentine's arguments. Ultimately, Judge Moore explained that he could not rule on the United States' motion without more information, and he ordered supplemental briefing on a variety of issues. *See id.* at *14. After the supplemental briefing, the District Court again considered the United States' motion. By this time, however, Judge Moore had retired, and Judge Anne E. Thompson had been assigned the case. On September 21, 2006, Judge Thompson granted the United States' motion. *See Ballentine v. United States*, No. 199-130, 2006 WL 3298270, at *1 (D.V.I. 2006).

On October 13, 2006, Ballentine filed a timely notice of appeal.

## II.

We have jurisdiction over Ballentine's claims pursuant to 28 U.S.C. § 1291, and we review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006). We also review *de novo* a district court's jurisdictional determinations. *In re Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270, 273 (3d Cir. 1999).

## III.

On appeal, Ballentine asserts that (1) he has a right

4

under the Constitution to vote in presidential elections, (2) he has the right to be represented in Congress by a regular voting member, (3) the Revised Organic Act of 1954 is unconstitutional, (4) Congress does not have the power to confer citizenship upon persons born in the Virgin Islands after 1917, and (5) the International Covenant on Civil and Political Rights provides residents of the Virgin Islands with substantive rights, including the right to vote for President of the United States.

The District Court did an excellent job explaining and addressing all five of Ballentine's claims, and we find its analysis complete and correct. Accordingly, we attach a copy of the District Court's opinion to this opinion and adopt that opinion as our own.

## IV.

For the foregoing reasons, we will affirm the District Court's decision to grant the United States' motion to dismiss Ballentine's claims.

5

NOT FOR PUBLICATION

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS/ST. JOHN

KRIM M. BALLENTINE,

              Plaintiff,

              v.

UNITED STATES OF AMERICA,

              Defendant.

Civ. No. 1999-130

**ATTORNEYS:**

**Krim M. Ballentine, pro se**
St. Thomas, U.S.V.I.
    For the plaintiff,

**Joycelyn Hewlett, Esq.**
St. Thomas, U.S.V.I.
    For the defendant.

CERTIFIED A TRUE COPY THIS
19th DAY OF _October_ 20 06
WILFREDO F. MORALES
CLERK OF THE COURT

BY _____
DEPUTY

## OPINION AND ORDER

THOMPSON*, District Judge

    This matter is before the Court on motion of Defendant United States of America to dismiss the complaint in the above-captioned matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Court has decided this motion after reviewing the submissions of the parties and the transcripts of the oral arguments held before District Judge Thomas K. Moore on June 9, 2000 and March 21, 2002.[1] For the reasons set forth below, Defendant's motion is

---

    * Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

    [1] This case was previously assigned to Judge Moore, who retired on January 3, 2005.

granted.

## BACKGROUND

The political history of the relationship between the Virgin Islands and the United States was thoroughly discussed by Judge Moore in his Memorandum of October 15, 2001, it will not be reiterated here. See Ballentine v. United States, No. CIV. 1999-130, 2001 WL 1242571, at *1-8 (D.V.I. Oct. 15, 2001). The facts underlying this case are clear and not in dispute. Plaintiff pro se Krim M. Ballentine was born in St. Louis, Missouri on October 22, 1936. After working for a number of years as a deputy United States Marshal in the continental United States, Mr. Ballentine was transferred in 1973 to the U.S. Virgin Islands, where he has remained ever since.

Mr. Ballentine brought the present action on July 30, 1999, claiming that he has been denied his constitutional right to vote in presidential elections, and his right to be represented in Congress by a regular voting member, because of his status as a United States citizen residing in an unincorporated territory of the United States. Mr. Ballentine asks the Court to strike down as unconstitutional the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645, wherein Congress designated the Virgin Islands as an unincorporated territory pursuant to its power to "dispose of and make all needful Rules and Regulations respecting the Territory" under the Territory Clause, U.S. Const. art. IV, § 3, cl. 2. He further asks the Court to declare that Congress's Territory Clause power does not include the authority to grant citizenship to persons born in the Virgin Islands after it became a United States possession, and that such persons instead are citizens by direct operation of the Constitution. The present motion to dismiss followed soon thereafter.

## STANDARDS OF REVIEW

**A.**    Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter. See St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands, 218 F.3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 733 (3d Cir. 1970) ("[W]e must not confuse requirements necessary to state a cause of action . . . with the prerequisites of standing.").

Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003). On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). However, "general factual allegations of injury resulting from the defendant's conduct may suffice." Lujan, 504 U.S. at 561.

**B.**    Fed. R. Civ. P. 12(b)(6)

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as

-3-

true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003); see also Fed. R. Civ. P. 12(b)(6). Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway, 325 F.3d at 187.

## DISCUSSION

A.    United States Citizens Residing in the Virgin Islands Have No Constitutional Right to Vote in Presidential Elections

Defendant first moves to dismiss Mr. Ballentine's claim that he is entitled under the Constitution to vote in presidential elections; a right, he argues, has been unconstitutionally denied because of his residency in an unincorporated territory. This claim must fail.

The Constitution does not grant the right to vote for President and Vice President to individual citizens, but to "Electors" appointed by "[e]ach State." U.S. Const. art. II, § 1; see also U.S. Const. amend. XII. Those electors, in turn, are selected in "such Manner" as the legislature of each state "may direct." U.S. Const. art. II, § 1. That manner need not be by popular vote. Indeed, in the country's early years, the legislatures of several states selected their electors directly. See Bush v. Gore, 531 U.S. 98, 104 (2000) (citing McPherson v. Blacker, 146 U.S. 1, 28-33 (1892)). Nonetheless, "[h]istory has now favored the voter, and in each of the several States the citizens themselves vote for Presidential electors." Id.

The Virgin Islands is not a state but, as Mr. Ballentine acknowledges, an unincorporated territory of the United States. See, e.g., Bluebeard's Castle, Inc. v. Gov't of the Virgin Islands, 321 F.3d 394, 397 (3d Cir. 2003). As such, it is not entitled to appoint electors. It is also established that citizens choosing to reside within its borders are not entitled to vote for electors

-4-

even if they are denied a role in the selection of the President and Vice-President. See Bush, 531 U.S. at 104 ("The individual citizen has no federal constitutional right to vote for electors for the President of the United States unless and until the state legislature chooses a statewide election as the means to implement its power to appoint members of the Electoral College."). The Court will grant Defendant's motion to dismiss this claim, in accordance with similar suits involving residents of Puerto Rico and Guam. See Igartua de la Rosa v. United States, 417 F.3d 145, 147 (1st Cir. 2005) ("That the franchise for choosing electors is confined to 'states' cannot be 'unconstitutional' because it is what the Constitution itself provides."); Attorney General of Territory of Guam v. United States, 738 F.2d 1017, 1019 (9th Cir. 1984) ("Since Guam concededly is not a state, it can have no electors, and plaintiffs cannot exercise individual votes in a presidential election. There is no constitutional violation.").

B.   United States Citizens Residing in the Virgin Islands Have No Constitutional Right to Be Represented in Congress by a Regular Voting Member

Defendant next moves to dismiss Mr. Ballentine's claim that he has been unconstitutionally denied his right to be represented in Congress by a regular voting member of the House of Representatives. For reasons similar to those previously discussed, the motion must be granted.

Since 1972, the Virgin Islands has been represented in Congress by an elected, nonvoting Delegate in the House of Representatives who, unlike the House's voting membership, serves pursuant to legislation, not the Constitution. See 48 U.S.C. § 1711. The Delegate from the Virgin Islands is not entitled to vote because the Virgin Islands is not a state and, pursuant to Article I of the Constitution, only states are entitled to regular voting members. See U.S. Const.

-5-

art. I, §§ 1-2;[2] see also, Adams v. Clinton, 90 F. Supp. 2d 35, 48-49 (D.D.C. 2000) (three-judge

court), aff'd 531 U.S. 941 (2000) (holding that the District of Columbia is not a state for

purposes of Article I); Michel v. Anderson, 817 F. Supp. 126, 140 (D.D.C. 1993), aff'd, 14 F.3d

623, 625 (D.C. Cir. 1994). Mr. Ballentine now argues that, to the contrary, the Constitution

requires that the Delegate from the Virgin Islands be granted full voting rights.[3]

The court in Michel v. Anderson addressed the constitutional limits on the voting rights

of territorial Delegates, albeit in a different context. In Michel, thirteen members of the House of

Representatives sought to enjoin a newly enacted House rule that authorized Delegates from the

District of Columbia, Guam, American Samoa, and the Virgin Islands, as well as the Resident

Commissioner from Puerto Rico, to vote in the House's Committee of the Whole. Michel, 817

---

[2] Pursuant to Article I of the Constitution:

> All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.

> The House of Representatives shall be composed of Members chosen every second Year by the People of the several States . . . .

> No Person shall be a Representative . . . who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.

> Representatives . . . shall be apportioned among the several States which may be included in this Union, according to their respective numbers . . . .

U.S. Const. art. I, §§ 1-2 (emphasis added).

[3] The Court notes that, subsequent to the initiation of this lawsuit, Mr. Ballentine ran for the office of Delegate from the Virgin Islands. See FoxNews.com, Statehood a Central Issue in Puerto Rico, http://www.foxnews.com/story/0,2933,137383,00.html (last visited Sept. 9, 2006) ("In [the] U.S. Virgin Islands, the nonvoting delegate to Congress, Democrat Donna M. Christensen, faced challenger[] Krim Ballentine of the Republican Party . . . .").

-6-

F. Supp. at 129. After addressing certain jurisdictional and prudential considerations, the <u>Michel</u> court turned to the plaintiffs' argument that, by allowing the Delegates to vote in the Committee of the Whole, the House had unconstitutionally invested the Delegates with legislative power. <u>Id.</u> at 140. In addressing that contention, the <u>Michel</u> court explained:

> One principle is basic and beyond dispute. Since the Delegates do not represent States but only various territorial entities, they may not, consistently with the Constitution, exercise legislative power (in tandem with the United States Senate), for such power is constitutionally limited to "Members chosen . . . by the People of the several States."
>
> It is not necessary here to consider an exhaustive list of the actions that might constitute the exercise of legislative power; what is clear is that the casting of votes on the floor of the House of Representatives does constitute such an exercise. Thus, <u>unless the areas they represent were to be granted statehood, the Delegates could not, consistently with the Constitution, be given the authority to vote in the full House.</u>

<u>Id.</u> (citing U.S. Const. art. I, § 8, cl. 1) (emphasis added).

This analysis is directly applicable to the facts here, and militates against Mr. Ballentine, as a Virgin Islands resident, being represented in the House of Representatives, because the Constitution does not permit the Delegate from the Virgin Islands to exercise legislative power. <u>Id.</u> Accordingly, the Court grants Defendant's motion to dismiss this claim.

C.    <u>Congress Did Not Exceed Its Constitutional Authority in Enacting the Revised Organic Act of 1954</u>

Mr. Ballentine next asks this Court to strike down the Revised Organic Act of 1954 as an unconstitutional exercise of congressional power. Mr. Ballentine (as interpreted by Judge Moore) argues that Congress lacked the constitutional authority to designate "the Virgin Islands for the first time as an unincorporated territory" under the Act because "the Constitution applies

-7-

*of its own force*" in the Virgin Islands, and Congress's power under the Territory Clause does not include the authority to determine the extent of the constitutional rights of United States citizens residing in the Virgin Islands. See Ballentine, 2001 WL 1242571 at *1, 10. Defendant responds that the Court should deny Mr. Ballentine's request because, pursuant to the "unincorporation doctrine" articulated by the Supreme Court in the Insular Cases, the Constitution does not apply of its own force in a territory unless and until Congress acts to "incorporate" that territory into the United States. See Downes v. Bidwell, 182 U.S. 244 (1901); Balzac v. Porto Rico, 258 U.S. 298 (1922); see also Ballentine, 2001 WL 1242571 at *5 n.11 (listing the nine Supreme Court cases that make up the core Insular Cases). The Insular Cases control the decision here, therefore the Court must deny Mr. Ballentine's request.

Judge Moore engaged in an extensive discussion of the Insular Cases in his October 15, 2001 Memorandum. See Ballentine, 2001 WL 1242571 at *1-15. The Court notes, that Judge Moore explored the racist underpinnings of the Insular Cases; cases decided in a time of colonial expansion by the United States into lands already occupied by non-white populations. Id. at *5-8 (noting that the unincorporation doctrine was formulated by "the same Court that gave us the now-repudiated and overruled 'separate but equal' doctrine in Plessy v. Ferguson" and lamenting "the extent to which the current status of the Virgin Islands depends on an entirely repugnant view of the people who inhabited the Virgin Islands at the time of their acquisition"). The Court further notes the considerable doubt Judge Moore expressed as to the applicability of the Insular Cases to decisions relating to the Virgin Islands. Id. at *8.

Like Judge Moore, this Court regrets the enduring "vitality" of the Insular Cases which, articulate the Constitution's limits on the government's ability to intrude in the lives of its

-8-

citizens, depending on the physical location of those citizens. See Reid v. Covert, 354 U.S. 1, 67 (1957); Balzac, 258 U.S. at 309 ("It is the locality that is determinative of the application of the Constitution . . . and not the status of the people who live in it."). Indeed, the wider implications of the continued applicability of these cases are only recently coming to light. See, e.g., In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443, 459 (D.D.C. 2005) ("Perhaps more significant for purposes of these Guantanamo detainee cases, the majority opinion [in United States v. Verdugo-Urquidez, 494 U.S. 259 (1990)] then addressed the Insular Cases and reaffirmed that in U.S. territories, only 'fundamental' constitutional rights are guaranteed."). Nonetheless, this Court is bound by decisions of the Supreme Court. See, e.g., Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (noting that lower federal courts are obliged to follow directly applicable Supreme Court precedent, leaving to that Court "the prerogative of overruling its own decisions")

Under the unincorporation doctrine developed in the Insular Cases, the Court finds Congress did not exceed its constitutional authority in designating the Virgin Islands as an unincorporated territory in the Revised Organic Act of 1954, and grants Defendant's motion to dismiss.

D.   **Mr. Ballentine Lacks Standing to Challenge Congress's Power to Confer Citizenship on Persons Born in the Virgin Islands**

Mr. Ballentine also asks the Court to declare that Congress's Territory Clause power does not include the authority to grant citizenship to persons born in the Virgin Islands after the United States acquired the territory from Denmark in 1917. See 8 U.S.C. § 1406 (purporting to grant United States citizenship to persons born in the Virgin Islands). Mr. Ballentine contends

that, instead, such persons are citizens of the United States by direct operation of the Fourteenth Amendment. See U.S. Const. amend. XIV, § 1 ("All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."). Because the Court holds that Mr. Ballentine does not have standing to raise citizenship issues for persons born in the Virgin Islands, it will deny his request.

I.     Article III Constitutional Standing

Under Article III, Section 2 of the Constitution, the jurisdiction of the federal courts is limited to "actual cases or controversies." U.S. Const. art. III, § 2; Raines v. Byrd, 521 U.S. 811, 818 (1997). One element of this "bedrock requirement" is that plaintiffs must establish that they have standing to sue. Raines, 521 U.S. at 818.

The Third Circuit has summarized the requirements for Article III constitutional standing as follows: (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Society Hill Towers Owners' Ass'n v. Rendell, 210 F.3d 168, 175-76 (3d Cir. 2000) (citing Lujan, 504 U.S. at 560-61 and Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 484-85 (3d Cir. 1998)). These requirements "ensure that plaintiffs have a personal stake or interest in the outcome of the proceedings, sufficient to warrant their invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on

their behalf." <u>Khodara Envtl., Inc. v. Blakey</u>, 376 F.3d 187, 193 (3d Cir. 2004).

    ii.    <u>Mr. Ballentine Has Not Suffered an Injury in Fact</u>

Mr. Ballentine cannot satisfy the "injury in fact" constitutional standing requirement with regard to the citizenship issue, because he is not "himself among [those] injured" by Congress's enactment of § 1406. <u>See</u> <u>Lujan</u>, 504 U.S. at 563. Undisputedly, Mr. Ballentine was born in St. Louis, Missouri, not the Virgin Islands, and his own citizenship would be unaffected by the Court's resolution of this issue. <u>See</u> Tr. of Hr'g of Mar. 20, 2006, Exs. P-1, 2 (consisting of Mr. Ballentine's birth certificate and passport). He cannot be said to "have a personal stake in the litigation" sufficient to warrant his invocation of federal-court jurisdiction or to justify exercise of the Court's remedial powers on his behalf. <u>See</u> <u>Khodara Envtl., Inc.</u>, 376 F.3d at 193. Any injury Mr. Ballentine might have suffered by Congress's enactment of § 1406 would be, at best, abstract, conjectural, or hypothetical. <u>See</u> <u>Danvers Motor Co., Inc. v. Ford Motor Co.</u>, 432 F.3d 286, 291 (3d Cir. 2005); <u>Society Hill Towers Owners' Ass'n</u>, 210 F.3d at 176. Therefore, Plaintiff lacks standing to bring this claim.

E.    <u>This Court Lacks Jurisdiction to Decide the International Law Issues Raised By Judge Moore</u>

Finally, the Court addresses certain international law issues which, while not argued by the parties, were raised by Judge Moore in his October 15, 2001 Memorandum. <u>See</u> <u>Ballentine</u>, 2001 WL 1242571 at *11-15. As Judge Moore noted, "[t]he Territory of the United States Virgin Islands is one of only seventeen territories remaining in the world today that are classified under international law as 'non-self-governing territories,'" and thus is "the subject of a continuing United Nations campaign to eradicate colonialism as a matter of international human

-11-

rights." Id. at *11. In September 1992, the United States Senate ratified the International Covenant on Civil and Political Rights ("ICCPR"), which contains "specific language requiring States Parties to afford their citizens the right to vote, and to afford the people of non-self-governing territories such as the Virgin Islands the right to self-determination." Id. at *11-12 (citations omitted). Judge Moore questioned what effect, if any, the United States' obligation under the ICCPR "to promote actively the realization of the right to self-determination in the Virgin Islands" should have on the analysis of Mr. Ballentine's case. Id. at *13-15.

Judge Moore undertook to identify and resolve any claim Mr. Ballentine might have under the ICCPR, reserving a decision on the present motion until supplemental briefing and oral argument from the parties and amici curiae occurred. Id. at *11-15. However, this Court finds it lacks jurisdiction over any ICCPR claim, as beyond the province of the federal judiciary. Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila., 657 F.2d 29, 36 (3d Cir.1981) (stating a "federal court is bound to consider its own jurisdiction preliminary to consideration of the merits"). The obligations of the ICCPR raised by Judge Moore such as "afford[ing] the people of non-self-governing territories such as the Virgin Islands the right to self-determination" turn upon whether the Senate intended the ICCPR to be justiciable. Evidently, it did not. Sosa v. Alvarez-Machain, 542 U.S. 692, 728 (2004) ("[T]he Senate has expressly declined to give the federal courts the task of interpreting and applying . . . [ICCPR]" because the Senate declared its substantive provisions "were not self-executing"). As such, the rights articulated in ICCPR are aspirational until "the discretion of the Legislature and Executive Branches" deem otherwise. See Igartua de la Rosa v. United States, 417 F.3d 145, 147 (1st Cir. 2005) Therefore, this Court refrains from passing judgement upon these international law obligations.

## CONCLUSION

For the foregoing reasons, and for good cause shown, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [docket #15] is **GRANTED**; and it is further

**ORDERED** that any other pending motions are **DISMISSED AS MOOT**; and it is further

**ORDERED** that this case is **CLOSED**.

ENTERED this _21st_ of September, 2006.

FOR THE COURT:

**ANNE E. THOMPSON**
**U.S. DISTRICT JUDGE**

ATTEST:
Wilfredo F. Morales
CLERK OF THE COURT

By: _____
**Deputy Clerk**

cc:    All Parties and Counsel

-13-