NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4161
_____

RAY MCFADDEN,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-4897)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 10, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed: June 20, 2011 )
_____

OPINION
_____

PER CURIAM

Pro se appellant Ray McFadden appeals the District Court's order dismissing his

amended complaint.  We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo

review over the District Court's order.  Ballentine v. United States, 486 F.3d 806, 808 (3d

Cir. 2007).  For the reasons discussed below, we will affirm the District Court's

1

judgment.

This action arises out of an incident that occurred on August 6, 1997, when McFadden was working as a physician at a Veterans Affairs hospital in South Dakota. On that day, one of McFadden's patients, Robert YellowBird, died while under McFadden's care. According to McFadden, the official cause of death was related to YellowBird's asthma.

In his initial complaint, McFadden alleged that, at the time he was treating Yellowbird, he had not eaten in 24 hours. To relieve his hunger, a nurse gave him a dish of peach strudel that had been served to, but not eaten by, McFadden. McFadden subsequently became disoriented and light headed, lost track of time, and had difficulty functioning appropriately. Eventually, he became unable to move. McFadden thus claimed that he "and [YellowBird] may have been poisoned by eating the food." He sought five million dollars from the United States.

The United States filed a motion to dismiss the complaint, arguing that McFadden's claims were barred by the statute of limitations and the discretionary-function exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680, among other things. The District Court dismissed the complaint without prejudice. The Court noted that it had attempted to construe the complaint liberally, but found that it was "exceedingly difficult to understand and [did] not appear to include any intelligible claim for relief." Nevertheless, the Court invited McFadden to file an amended complaint.

McFadden availed himself of the opportunity to amend. In his amended complaint, his allegations again centered on the death of YellowBird. He claimed that he

had considered other possible causes of YellowBird's death, one of which "may have been respiratory arrest from a neuromuscular toxin." If that was YellowBird's cause of death, McFadden continued, "YellowBird may have died as a result of ingesting an oral agent. If that were in fact true, then Plaintiff Ray McFadden may have also been poisoned since he was given food from Veteran YellowBird's tray of food." McFadden attributed the ailments that he suffered on the date of YellowBird's death to lack of food and sleep; as a result of being poisoned, he suffered "latent medical problems" that manifested years later.

The District Court again dismissed the complaint, this time with prejudice. The Court interpreted the complaint to allege a claim for personal injury under the FTCA. The FTCA provides that a plaintiff must present any claim to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). The Court concluded that the alleged poisoning occurred on August 6, 1997, and that because McFadden had suffered severe and multiple symptoms that very night, he was immediately on notice that he had been injured. However, he did not file his administrative action until 2006. Accordingly, the Court held that the claim was time-barred. The Court further declined to exercise jurisdiction over any state-law claims that McFadden had attempted to assert. McFadden then filed a timely notice of appeal.

On appeal, McFadden claims that the District Court misconstrued his claim. He argues that the injuries he suffered in August 1997 were unrelated to the alleged poisoning; they stemmed wholly from his lack of food and sleep. His injuries from the poisoning did not surface until much later, and he thus had no basis to know that he had

3

been harmed until that time. While it is true that we have applied the discovery rule in latent-disease cases, see, e.g., Debiec v. Cabot Corp., 352 F.3d 117, 129 (3d Cir. 2003), we need not resolve the timing issue here, because the record reveals an alternative basis for the District Court's judgment, see Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988). As the government argued in its motion to dismiss, McFadden has failed to state a claim on which relief can be granted.

To survive a motion to dismiss, a complaint must "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations that are "merely consistent with a defendant's liability" or show the "mere possibility of misconduct" will not suffice. Id. at 1949-50 (internal quotation marks omitted).

Here, McFadden's allegations are entirely speculative. His claim is built on his "educated guess" that YellowBird may have been poisoned. He then stacks further suppositions on this shaky foundation: that YellowBird may have ingested this poison orally; that this poison may have been placed in the strudel that McFadden ate (after YellowBird left it untouched, suggesting that the poison was spread among several dishes); and that this poison may have caused McFadden to develop medical problems years later (while acting immediately upon YellowBird). Moreover, although McFadden sues the United States, he presents no allegations whatsoever indicating that it was involved in the alleged poisoning. These allegations fail to show that McFadden

4

possesses a plausible claim for relief. See Iqbal, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." (internal quotation marks, alteration omitted)); see also Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d Cir. 2010).[1]

Accordingly, we will affirm the District Court's order dismissing McFadden's amended complaint.

---

[1] It is unclear whether McFadden has attempted to raise any claims arising under state law. To the extent that he has, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over those claims. See Stehney v. Perry, 101 F.3d 925, 939 (3d Cir. 1996).