CLD-171                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1889
_____

IN RE:  KRIM M. BALLENTINE,
                                                                           Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the Virgin Islands
(Related to D.V.I. Civ. No. 3-13-cv-00086)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 23, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: August 4, 2015)

_____

OPINION[*]
_____

PER CURIAM

Krim Ballentine has filed a petition for writ of mandamus seeking to have the

District Court directed to entertain the merits of the underlying civil action.  We will deny

the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In September 2013, Ballentine filed a complaint in the United States District Court for the Virgin Islands naming the United States and Congress as defendants. See Ballentine v. United States, D.V.I. Civ. No. 13-cv-00086. Ballentine, a resident of the U.S. Virgin Islands (the "Virgin Islands"), appeared to argue that the treatment accorded the Virgin Islands is unconstitutional. In particular, Ballentine alleged that: 1) the Revised Organic Act of 1954 is unconstitutional; 2) it is unconstitutional for judges of the District Court of the Virgin Islands to serve ten-year terms; 3) Congress lacked authority to grant "natural born" citizenship to persons born in the Virgin Islands; 4) citizens in the Virgin Islands have the constitutional right to be represented in Congress by a voting member of the House of Representatives; and 5) the filing fees of the federal courts are unconstitutional.[1] The Government moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In an order entered on September 30, 2014, the District Court granted the motion and dismissed Ballentine's complaint. Ballentine did not appeal that order.

Ballentine filed this mandamus petition on April 13, 2015. In his petition, Ballentine asks the Court to issue a writ of mandamus directing the District Court to "adjudicate [his civil action] by hearing the merits utilizing if possible Amendment 1, last clause called for this order 'Petition Clause' or by issuance of a Declaratory Judgment . . .

---

[1] Ballentine presented several of these issues in a prior proceeding. See Ballentine v. United States, No. 99-130, 2006 WL 3298270 (D.V.I. Sept. 21, 2001), aff'd and adopted by 486 F.3d 806, 808 (3d Cir. 2007).

." See Mandamus Pet. at 2. He also argues that "being charged fees to file in a constitutional case by pro se citizens must not be rules of court." Id. He thus requests that the Court "waive" the filing fees for both this action and the underlying civil action, and "return" the fees he has paid "under protest." See id.; see also "Mot./Br." at 1-2.

Initially, we note that petitioner recently paid the appropriate filing fee. Accordingly, to the extent that the petition is construed as containing a request to have the filing fee requirement waived, such a request is denied as moot. We likewise deny petitioner's request for a return of fees that is contained in his "Motion/Brief" in support of his mandamus petition.

The courts have long recognized that, in the absence of extraordinary circumstances, the imposition of filing fees in a judicial proceeding does not violate the Constitution. See Ortwein v. Schwab, 410 U.S. 656, 659-61 (1973) (In upholding Oregon's appellate filing fee, the Court rejected claims that the imposition of such a fee violates the Due Process Clause, the First Amendment, and the Equal Protection Clause.). To be certain, the Supreme Court has recognized a "narrow category of civil cases in which the State must provide access to its judicial processes without regard to a party's inability to pay court fees." M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996) (citing Boddie v. Connecticut, 401 U.S. 371 (1971)); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001) (en banc) ("An unconditional right of access exists for civil cases . . . when denial of a judicial forum would implicate a fundamental human interest – such as the termination of parental rights or the ability to obtain a divorce."). However, these

3

cases have limited application. See Graham v. Office of Surface Mining Reclamation & Enforcement, 722 F.2d 1106, 1112 (3d Cir. 1983). Moreover, Ballentine does not claim an inability to pay the filing fee for this mandamus petition or the fee for initiating the underlying civil action. In fact, he paid all requisite fees. His request for a return of the filing fees is therefore denied.

We likewise deny Ballentine's mandamus petition. Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted). Ballentine requests a hearing in the District Court in order to have the merits of his complaint considered. However, the District Court disposed of his civil action back in September 2014, when it granted the Government's Rule 12(b)(6) motion. If Ballentine wanted to challenge the District Court's determination that his complaint failed to state a claim upon which relief can be granted, his recourse was to seek appellate review of that determination. Unfortunately for Ballentine, his time to do so has long since expired. See Fed. R. App. P. 4(a)(1)(B). Moreover, he may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Accordingly, insofar as Ballentine has failed to demonstrate that he is entitled to

4

mandamus relief, we will deny the petition.