BLD-229                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1252
_____

UNITED STATES OF AMERICA

v.

ROBERT B. LYNN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00279-003)
District Judge: Honorable Alan N. Bloch

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6, or issuance of a Certificate of Appealability
April 21, 2016
Before: FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 4, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Robert Lynn appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing his § 2241 petition for lack of jurisdiction. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Following a 2011 jury trial in the United States District Court for the Western District of Pennsylvania, Lynn was convicted of a number of fraud-related charges, and sentenced by the District Court to a 180-month term of imprisonment. We affirmed the judgment at C.A. No. 12-1016. Lynn then filed a § 2255 motion, which the District Court denied. Several months later, Lynn filed the instant petition under section 2241, claiming that his "constitutional rights were violated repeatedly prior [to] and during trial" based primarily on the government's alleged confiscation of funds which Lynn apparently intended to use to pay his defense counsel. The District Court entered an order directing Lynn to show cause why his petition should not be dismissed as an unauthorized successive § 2255 motion. After Lynn responded, the District Court dismissed his petition for lack of jurisdiction, treating it as a successive § 2255 motion brought without authorization from this Court. This timely appeal ensued.[1]

---

[1] The District Court's order was entered on September 30, 2015. Although Lynn did not appeal until January 26, 2016, the appeal is not untimely because the District Court did not comply with the separate order requirement. See Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7)(A)(ii).

II.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District

Court's dismissal of Lynn's habeas petition.  Ballentine v. United States, 486 F.3d 806,

808 (3d Cir. 2007).  We may summarily affirm the District Court where "it clearly

appears that no substantial question is presented or that subsequent precedent or a change

in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

We detect no error in the District Court's dismissal of Lynn's petition because his

claims – which all relate to the validity of his federal conviction and sentence – must

normally be raised in a § 2255 motion.  Because he has already filed one and lost on the

merits, he may not file another without obtaining our permission.[2] See 28 U.S.C. §

2255(h); Burton v. Stewart, 549 U.S. 147, 152-53 (2007).  And as the District Court

explained, he may not use section 2241 instead unless he shows that such a motion would

be "inadequate of ineffective."  Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir.

2002).  None of his claims meet that standard.

Accordingly, we will summarily affirm the decision of the District Court.[3]

---

[2] We also note that when Lynn filed his initial § 2255 motion, raising only one ineffective assistance claim, the District Court advised him that he would be prohibited from filing successive motions without first obtaining our permission.  The District Court extended Lynn the opportunity to amend his motion, which he declined.

[3] To the extent a certificate of appealability is required, we decline to issue one.

3