NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1717

_____

TELA BIO, INC., a Delaware corporation; ANTONY KOBLISH; MAARTEEN
PERSENAIRE, an Individual,

Appellants

v.

FEDERAL INSURANCE COMPANY, an Indiana Corporation,

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05585)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted January 11, 2019
Before: AMBRO, HARDIMAN, FUENTES, *Circuit Judges*.

(Opinion Filed:  January 16, 2019)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

TELA Bio, Inc. and its founders, Antony Koblish and Maarten Persenaire, appeal the District Court's order dismissing their declaratory judgment action against Federal Insurance Company. We will affirm.

I[1]

TELA and its founders brought this insurance coverage action against Federal after TELA was sued by its competitor LifeCell Corporation. In the District Court, the parties vigorously disputed which substantive law should apply, with TELA advocating for New Jersey law and Federal arguing for Pennsylvania law. After applying New Jersey's choice-of-law rules, the District Court agreed with Federal that Pennsylvania substantive law applied, which led to the conclusion that Federal had no duty to defend TELA. Appellants now argue that the District Court erred on both the choice-of-law issue and the coverage issue. We address each argument in turn.

A

This case originated in federal court in New Jersey and was transferred to the United States District Court for the Eastern District of Pennsylvania. Accordingly, the District Court applied New Jersey's choice-of-law rules. *See Lafferty v. St. Riel*, 495 F.3d

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's choice of law determination, *Robeson Industries Corp. v. Hartford Acc. & Indem. Co.*, 178 F.3d 160, 164–65 (3d Cir. 1999), and order dismissing TELA's complaint, *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007).

2

72, 76 (3d Cir. 2007). Because the laws of the two states presented a true conflict, the District Court assessed "the interests each state has in applying its own law" to determine "which state has the most significant relationship to the parties and the event." *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006). When this inquiry involves an insurance coverage dispute, as it does here, courts first look to "the place that the parties understood . . . to be the principal location of the insured risk" and apply that state's law "unless some other state has a more significant relationship . . . to the transaction and the parties." *Pfizer Inc. v. Emp'rs Ins. of Wausau*, 712 A.2d 634, 638 (N.J. 1998) (internal quotation marks omitted) (quoting *Gilbert Spruance Co. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 629 A.2d 885, 893 (N.J. 1993)). The District Court applied Pennsylvania law because "the principal location of the risk insured by the [p]olicy appears to be Pennsylvania" and "New Jersey does not bear a more significant relationship to the parties or the matter." *TELA Bio, Inc. v. Fed. Ins. Co.*, 313 F. Supp. 3d 646, 654–55 (E.D. Pa. 2018).

Appellants claim New Jersey's interests in applying its own law are substantial because the policy "is effective within New Jersey borders," Federal's principal place of business is in New Jersey, and the alleged acts triggering coverage happened in New Jersey. TELA Br. 10. Even though the policyholders are Pennsylvania residents, Appellants insist Pennsylvania does not have an interest in "applying its law to acts and injuries that did not occur within its borders." TELA Br. 10–11. They also assert that

3

applying New Jersey law would conform more closely to the interests of the parties and aid judicial administration.

We perceive no error in the District Court's choice-of-law analysis. In determining which state has the most significant relationship to the parties and claim, courts must consider four factors: (1) "the competing interests of the relevant states;" (2) "the national interests of commerce among the several states;" (3) "the interests of the parties;" and (4) "the interests of judicial administration," *Lonza, Inc. v. Hartford Acc. & Indem. Co.*, 820 A.2d 53, 62 (N.J. Super. Ct. App. Div. 2003) (quoting *Pfizer*, 712 A.2d at 639–40).

The District Court correctly explained that because the policy was issued to Pennsylvania insureds through a Pennsylvania broker, New Jersey does not have a significant interest in its law applying to TELA's duty to defend claim. In response, TELA emphasizes LifeCell's connections to New Jersey in the underlying case. But those connections are irrelevant here because this case is concerned with the Pennsylvania insureds (Appellants) and the policy Federal issued to them in Pennsylvania. Since the insureds are not New Jersey residents, the application of Pennsylvania law does not frustrate New Jersey's interests. [2] Finally, applying New

---

[2] TELA also claims that Pennsylvania's interests are diminished by Federal's principal place of business (New Jersey) and TELA's state of incorporation (Delaware). However, in assessing the competing interests of the states, courts "consider whether application of a competing state's law under the circumstances of the case 'will advance the policies that the law was intended to promote.'" *Pfizer, Inc.*, 712 A.2d at 639 (quoting *Gen. Ceramics Inc. v. Firemen's Fund Ins. Cos.*, 66 F.3d 647, 656 (3d Cir. 1995)). The New Jersey rule at issue here—allowing courts to look beyond a complaint in analyzing the duty to defend—aims to protect the expectations of its insureds. *See Abouzaid v.*

4

Jersey law would not aid judicial administration as TELA suggests because the "site of the litigation of the underlying case," TELA Br. 13, is not pertinent to adjudicating this coverage dispute. For these reasons, we agree with the District Court that Pennsylvania law applies because it is the principal location of the insured risk and has the most significant relationship to the parties and their dispute.

B

Appellants claim entitlement to coverage under the policy's "Advertising Injury and Personal Injury Liability Coverage" provision. App. 767. That provision covers, in relevant part, "damages and claimant costs that the insured becomes legally obligated to pay . . . for . . . personal injury that is caused by an offense to which the coverage applies." *Id.* The policy provides coverage for several offenses, including libel and slander, defined as "electronic, oral, written or other publication of material that . . . libels or slanders a person or organization." App. 817.

LifeCell did not sue for libel or slander. Nevertheless, Appellants contend that the underlying suit involves defamation because LifeCell alleged that TELA: (1) marketed its product as an improvement on LifeCell's product; (2) exploited LifeCell's reputation and

---

*Mansard Gardens Assocs., LLC*, 23 A.3d 338, 347 (N.J. 2011). New Jersey does not have an interest in applying that rule to Pennsylvania residents. Conversely, Pennsylvania has an interest in applying its rule—limiting the duty-to-defend analysis to the factual allegations in the complaint—because it discourages insureds from using "artful pleadings designed to avoid exclusions in liability insurance policies." *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999).

5

good will; and (3) induced several LifeCell employees to work for TELA by making negative statements about LifeCell.

We agree with the District Court that the policy does not provide TELA with coverage under the libel and slander provision because LifeCell's complaint in the underlying case does not implicate either tort. Under Pennsylvania law, the insurer has a duty to defend the insured only if "the factual allegations of the complaint against the insured state a claim which would potentially fall within the coverage of the policy." *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 669 (Pa. 1997).

Libel and slander require defamatory statements which "tend[] to harm a person's reputation." *Defamatory*, Black's Law Dictionary (10th ed. 2014). Yet none of the allegations Appellants cite from LifeCell's complaint are defamatory because they do not involve harm to LifeCell's reputation.[3] In fact, LifeCell's complaint alleges that TELA sought to benefit from LifeCell's *good* reputation. So the District Court rightly concluded that LifeCell's allegations "pertain to a business dispute over stolen employees and confidential trade secrets" and, as a result, "coverage under the [l]ibel and [s]lander [p]rovision of the [p]olicy was not triggered." *TELA Bio, Inc.*, 313 F. Supp. 3d at 658.

---

[3] Appellants also argue that evidence outside the LifeCell complaint, such as statements made during TELA's summit for surgeons in 2014 and Paul Talmo's deposition testimony, suggests that LifeCell may allege defamation claims against TELA. However, courts cannot consider evidence outside the complaint in analyzing the duty to defend under Pennsylvania law. *See Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896–97 (Pa. 2006). In any event, Appellants cite no controlling precedent establishing a duty to defend based on what a plaintiff *may allege* rather than actual averments in an underlying complaint.

Bootstrapping its principal holding, the District Court also held that even if LifeCell's allegations triggered coverage under the libel and slander provision, Federal still would have no duty to defend because the underlying suit falls under the intellectual property rights exclusion. Here again, we agree with the District Court.

As the Court noted, the broad language of this exclusion's paragraph B states:

> [T]his insurance does not apply to the *entirety of all allegations in any claim or suit*, if such claim or suit includes an allegation of or a reference to an infringement or violation of an intellectual property law or right, even if this insurance would otherwise apply to any part of the allegations in the claim or suit.

App. 790 (emphasis added). The expansive language just quoted "clearly and unambiguously excludes from coverage *all* allegations within a suit, if that suit contains *any* allegations of intellectual property rights violations." *TELA Bio, Inc.*, 313 F. Supp. 3d at 659. This exclusion plainly applies to LifeCell's suit, which asserts that TELA misappropriated its trade secrets and proprietary information.

\* \* \*

For the reasons stated, we will affirm the District Court's order.

7