NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AVIATION CAPITAL PARTNERS, LLC, DBA SPECIALIZED TAX RECOVERY,**
*Plaintiff-Appellant*

**v.**

**SH ADVISORS, LLC, DBA SITUS HAWK,**
*Defendant-Appellee*

---

2024-1099

---

Appeal from the United States District Court for the District of Delaware in No. 1:22-cv-01556-RGA, Judge Richard G. Andrews.

---

Decided: May 6, 2025

---

JOSHUA FRIEDMAN, Calfee, Halter & Griswold LLP, Cleveland, OH, argued for plaintiff-appellant. Also represented by TODD ROBERTS TUCKER.

JAKE M. GIPSON, Bradley Arant Boult Cummings LLP, Birmingham, AL, argued for defendant-appellee. Also represented by PAUL M. SYKES, BENN WILSON.

---

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

PROST, *Circuit Judge*.

Aviation Capital Partners, doing business as Specialized Tax Recovery ("STR"), sued SH Advisors, doing business as Situs Hawk, in the U.S. District Court for the District of Delaware for infringement of U.S. Patent No. 10,956,988 ("the '988 patent"). The district court held the asserted claims of the '988 patent invalid under 35 U.S.C. § 101 and, as a result, granted Situs Hawk's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Aviation Cap. Partners, LLC v. SH Advisors, LLC*, No. 22-1556, 2023 WL 5333187 (D. Del. Aug. 18, 2023) ("*Opinion*"). STR appeals. We affirm.

## BACKGROUND

### I

The '988 patent is titled "System and Method for Determining a Taxability Status for a Vehicular Asset." '988 patent Title. The parties agree that claim 1 of the '988 patent is representative for purposes of the § 101 eligibility analysis in this case. *See* Appellant's Br. 8–9; Appellee's Br. 6–7. Claim 1 recites:

A computer-implemented method, comprising:

obtaining traffic control system information for an aircraft from a first database, the traffic control system information indicative of departures and arrivals of the aircraft at a plurality of airports;

detecting a gap in the traffic control system information for the aircraft, the gap being indicative of a time for which a location of the aircraft is indeterminate based upon the traffic control system information, wherein the gap is detected based on a mismatch in the traffic control system information

between a departure location of the aircraft and a previous arrival location of the aircraft;

receiving transponder data from a transponder that is mounted on board the aircraft by way of a transceiver positioned in proximity to an airport, the transponder data indicative of at least one of an altitude or a speed of the aircraft;

determining, based upon the at least one of the altitude or the speed of the aircraft indicated in the transponder data, that the aircraft landed at the airport during the time for which the location of the aircraft was indeterminate; and

computing, by a computer, a taxability status of the aircraft based upon the aircraft being present at the airport during the time for which the location of the aircraft was indeterminate.

'988 patent claim 1.

## II

In November 2022, STR sued Situs Hawk in the U.S. District Court for the District of Delaware for patent infringement, asserting claims 1, 13, and 15 of the '988 patent. Situs Hawk moved to dismiss STR's complaint under Rule 12(b)(6), arguing that the asserted claims are invalid under § 101. STR opposed, and the district court held oral argument on the motion. The district court indicated during oral argument that the asserted claims are directed to an abstract idea. *Opinion*, 2023 WL 5333187, at *4. In its written opinion, the district court evaluated the eligibility of the asserted claims under the two-step framework set forth in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014) and held the asserted claims invalid under § 101. *Opinion*, 2023 WL 5333187, at *3–5.

At *Alice* step one, the district court concluded that the asserted claims of the '988 patent are directed to an

abstract idea of "collecting aircraft-related data from multiple sources and using an algorithm to improve . . . what can be gleaned from the data, and then referring to yet another database about taxation to determine the taxability status." *Id.* at \*4.  The court determined that the abstract idea is akin to that in *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016).  *Opinion*, 2023 WL 5333187, at \*4.  The court determined that even if the asserted claims are directed to determining taxability status as STR argued, that is also an abstract idea.  *Id.*  The court noted that determining a taxability status "is simply a matter of referring to various tax codes, and using a computer to make this easier does not make it less abstract."  *Id.*

At *Alice* step two, the district court considered whether the asserted claims of the '988 patent contain an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application.  *Id.* at \*5.  The court found no such inventive concept.  Rather, the court determined that the asserted claims "do not 'require anything other than off-the-shelf conventional . . . technology.'"  *Id.* (quoting *Elec. Power Grp.*, 830 F.3d at 1355).  The court noted that the specific step that STR pointed to of "determining that an aircraft landed at an airport based on speed or altitude data during a time when the location of the aircraft is indeterminate" does not constitute an inventive concept and "is simply an application of common sense and physics."  *Id.*  The court determined that the asserted claims "offer no new insights or improvements for implementing their abstract idea," and instead, seem merely to state the abstract idea "while adding the words 'apply it.'"  *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72 (2012)).

The district court thus concluded that the asserted claims of the '988 patent are invalid under § 101.  It accordingly granted Situs Hawk's Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Id.*

STR timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim under the regional circuit's law. *E.g.*, *Endo Pharms. Inc. v. Teva Pharms. USA, Inc.*, 919 F.3d 1347, 1352 (Fed. Cir. 2019). The Third Circuit reviews such decisions de novo. *See, e.g.*, *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Patent eligibility under § 101 is a question of law that may involve underlying questions of fact. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018). "We review the district court's ultimate conclusion on patent eligibility de novo." *Id.*

To evaluate patent eligibility under § 101, we apply the familiar *Alice* two-step framework. At step one, we determine whether the claim at issue is "directed to" an abstract idea. *See Alice*, 573 U.S. at 218. Under this directed-to inquiry, "we ask what the patent asserts to be the focus of the claimed advance over the prior art to determine whether the claim's character as a whole is directed to ineligible subject matter." *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1359 (Fed. Cir. 2020) (cleaned up). If the claim is directed to an abstract idea at step one, we move to step two, "where we examine the elements of the claim to determine whether it contains an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Id.* (cleaned up). If the claim does not contain such an inventive concept at step two, it is ineligible for patenting.

6       AVIATION CAPITAL PARTNERS, LLC v. SH ADVISORS, LLC

STR argues that the asserted claims are patent-eligible under § 101. Appellant's Br. 25. We disagree. We see no error in the district court's conclusion that the asserted claims of the '988 patent are invalid under § 101.

Regarding step one, the district court's reasoning that the claims are directed to an abstract idea accords with our precedent. The asserted claims' focus of collecting and analyzing information, as illustrated by representative claim 1, is similar to claims that we have held are directed to an abstract idea. *See, e.g.*, *In re Killian*, 45 F.4th 1373, 1379 (Fed. Cir. 2022) ("[C]laims must fail *Alice/Mayo* step one as they are directed to collection of information, comprehending the meaning of that collected information, and indication of the results, all on a generic computer network operating in its normal, expected manner."); *Elec. Power Grp.*, 830 F.3d at 1355 ("[M]erely selecting information, by content or source, for collection, analysis, and display does nothing significant to differentiate a process from ordinary mental processes, whose implicit exclusion from § 101 undergirds the information-based category of abstract ideas."). We thus agree with the district court's step-one conclusion that the asserted claims are directed to an abstract idea.

Regarding step two, we agree with the district court that the asserted claims "offer no new insights or improvements for implementing their abstract idea." *Opinion*, 2023 WL 5333187, at *5. As the district court noted, "'determining that an aircraft landed at an airport based on speed or altitude data during a time when the location of the aircraft is indeterminate' . . . does not constitute an inventive concept." *Id.* The asserted claims merely "automate or otherwise make efficient traditional . . . methods." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1319 (Fed. Cir. 2021) (quoting *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015)). That fails step two. *See, e.g.*, *id.*; *OIP Techs., Inc.*, 788 F.3d at 1363 ("[R]elying on a computer to perform routine tasks more

quickly or more accurately is insufficient to render a claim patent eligible.").

STR's arguments that the asserted claims are eligible under § 101 lack merit. Specifically, STR argues that the asserted claims are not directed to an abstract idea because they are narrow and specific, and "create no risk of preemption of any abstract idea." Appellant's Br. 25. STR contends that the asserted claims provide a specific way of finding and filling data gaps in aircraft control data "by using aircraft transponder speed and altitude to determine aircraft landing locations during a gap." *Id.* at 29. We disagree with STR. "[W]hile preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility." *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1098 (Fed. Cir. 2016) (quoting *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015)).

Accordingly, we agree with the district court that the asserted claims of the '988 are invalid under § 101.

STR additionally argues that, in deciding the motion to dismiss, the district court was required to assume as true the Patent Office's "factual finding that the claims were integrated into a practical application and contained significantly more than an abstract idea." Appellant's Br. 23–25. We disagree. "[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the *complaint* as true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Here, the complaint included no factual findings made by the Patent Office. J.A. 16–32; Oral Arg. at 4:38–5:45 (complaint alleged the Patent Office made two legal determinations but alleged no factual findings).[1] Accordingly, the district court did not err by declining to

---

[1] Available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=24-1099_04092025.mp3.

accept as true any unalleged factual findings that the Patent Office may have made in its § 101 eligibility analysis.

## CONCLUSION

We have considered STR's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**