**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1008
_____

FRANK B. FUHRER WHOLESALE COMPANY,
Appellant

v.

MILLERCOORS LLC; COORS BREWING COMPANY;
MOLSON COORS BREWING COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 2-13-cv-01155)
District Judge:  Honorable Robert C. Mitchell
_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2014

Before:  MCKEE, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges.*

(Filed: February 25, 2015)

_____

OPINION*
_____

KRAUSE, *Circuit Judge*:

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

The Frank B. Fuhrer Wholesale Company ("Fuhrer") appeals the District Court's dismissal of its breach of contract and declaratory judgment claims against MillerCoors LLC ("MillerCoors"),[1] arising from Fuhrer's 1997 Distribution Agreement ("the Agreement") with the Coors Brewing Company.[2] Because we conclude that MillerCoors did not violate its obligations under the contract or under Pennsylvania law, we will affirm.

Under the terms of the Agreement, Fuhrer is the exclusive wholesale distributor of a list of specified MillerCoors products in the Pittsburgh metropolitan area (the "Exclusive Distribution List").[3] The Agreement provides that MillerCoors may add new products to the Exclusive Distribution List, although it has no contractual obligation to do so.[4] It also expressly provides that Fuhrer is authorized to acquire the rights to sell other brands of beer without MillerCoors' consent,[5] and Fuhrer has exercised that prerogative

---

[1] The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636. The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1), and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's decision to grant a motion to dismiss. *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007) (citing *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006)).

[2] Fuhrer signed the Agreement with the Coors Brewing Company in 1997. In 2008, the Coors Brewing Company and Miller Brewing Company created MillerCoors as a joint venture, and Coors transferred its rights and obligations under the Agreement to MillerCoors.

[3] Agreement § 1.1, 2.1, Exhibit A.

[4] *Id.* § 1.1.

[5] *Id.* § 8.4.

by selling other beers, including the Anheuser-Busch products that it has sold since 1982. In addition, the Agreement states that "[t]he implementation, performance, and enforcement of the terms of this Agreement . . . shall be subject to the duty of good faith and fair dealing."[6]

In 2012 and 2013, MillerCoors introduced three new craft and specialty beers, Batch 19, Third Shift, and Redd's Apple Ale (collectively, the "Craft Beers") and awarded the distribution rights to Fuhrer's competitors, prompting Fuhrer to file suit.[7] Fuhrer's complaint alleged: (1) that the Chief Executive Officer and President of Sales and Distributor Operations for MillerCoors stated at a meeting on May 10, 2013 that MillerCoors did not assign Fuhrer the Craft Beers because Fuhrer also sells products for Anheuser-Busch; and (2) that in a June 4, 2013 email, MillerCoors told Fuhrer it would have to create a new corporate entity dedicated exclusively to MillerCoors products in order to be considered for the rights to new MillerCoors products in the future. On the basis of these allegations, Fuhrer sought a declaratory judgment that MillerCoors may not require Fuhrer to limit its sales of other manufacturers' beers in order to receive the right to sell MillerCoors' Craft Beers, and asserted claims for breach of contract, violation of the Pennsylvania Liquor Code, unreasonable restraint of trade, and tortious interference

---

[6] *Id.* § 1.2

[7] Fuhrer originally filed suit against MillerCoors in the Court of Common Pleas of Allegheny County on July 31, 2013. After MillerCoors timely removed this case to the District Court for the Western District of Pennsylvania, Fuhrer filed its amended complaint.

3

with contract.  The District Court granted MillerCoors' motion to dismiss in full and

subsequently denied Fuhrer's motion for reconsideration.

On appeal, Fuhrer first argues that the District Court mischaracterized the relief

that it is seeking because it does not object to MillerCoors' ultimate decision to assign

distribution rights elsewhere, but rather objects to the process by which MillerCoors

reached that decision, which Fuhrer posits violated the covenant of good faith and fair

dealing.  Even accepting this nebulous distinction, we agree with the District Court that

under Pennsylvania law, the duty of good faith cannot override express contractual terms

and convert a permissive contract provision into a mandate.[8]  Here, the Agreement

allows, but does not require, MillerCoors to grant Fuhrer distribution rights to products

that do not appear on the Exclusive Distribution List.[9]  Thus, the District Court correctly

concluded that MillerCoors did not violate its duty of good faith by undertaking a

selection process and exercising its express contractual right to choose a distributor other

than Fuhrer for its new products.

Fuhrer next argues that the District Court erred in dismissing the breach of

contract and declaratory judgment counts.  To state a claim for breach of contract,

Pennsylvania law requires a plaintiff to establish: (1) the existence of a contract,

---

[8] *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 170 (3d Cir. 2013); *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir. 2000).  Fuhrer argues that here, unlike in the cases cited above, there is an explicit contractual term subjecting the Agreement to the duty of good faith and fair dealing.  But even an explicit contractual obligation of good faith cannot rewrite the other terms of a contract.

[9] Agreement § 1.1.

4

including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.[10] Fuhrer alleges that MillerCoors breached its contractual duty by "(a) requiring Fuhrer to create an entity devoted exclusively to selling the products of MillerCoors in order to receive the right to sell new craft/specialty beers; and (b) refusing to grant Fuhrer the right to sell new craft/specialty beers because Fuhrer sells the products of other manufacturers."[11] Fuhrer also requests a declaratory judgment "that Defendants may not require Fuhrer to assent to a condition limiting Fuhrer's right to sell the product of other beer manufacturers in order to receive the right to sell craft/specialty beers, including but not limited to a condition requiring Fuhrer to create a separate corporate entity devoted exclusively to MillerCoors products."[12]

Again, however, the explicit terms of the Agreement control: Fuhrer may distribute other brands of beer without MillerCoors' consent, but MillerCoors is under no obligation to assign Fuhrer the distribution rights to its new products.[13] Accordingly, MillerCoors' proposal to grant Fuhrer the distribution rights to new products in exchange for additional undertakings by Fuhrer does not constitute bad faith performance; rather, it is an arm's-length negotiating tactic, offering to barter contractual right for contractual right. The terms proposed for what would constitute a new business venture do not

---

[10] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citation and quotation omitted).

[11] Am. Compl. ¶ 59.

[12] *Id.* ¶ 51.

[13] Agreement § 1.1; 8.4.

5

interfere with Fuhrer's existing rights under the Agreement, and the District Court properly rejected Fuhrer's attempt to invoke the duty of good faith to import into its contract a provision "which it neither bargained for nor attained."[14]  Finally, there is no evidence on the record of coercion or intimidation to support Fuhrer's assertion that MillerCoors attempted to force Fuhrer to give up a right protected by the Agreement.[15]

In sum, there was no error in the District Court's well-reasoned opinion, and its judgment will be affirmed.

---

[14] *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995) (applying Pennsylvania law).

[15] *See Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 326 (3d Cir. 2001) (equating forcing a party to abandon its contractual rights with "intimidation or coercion" for purposes of good faith inquiry).