BLD-301                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1757
_____

TYLAN LUCAS,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-01179)
District Judge: Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2016

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 6, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Tylan Lucas appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition filed under 28 U.S.C § 2241. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Following a jury trial in the United States District Court for the District of Nebraska, Lucas was convicted of drug and firearm charges, and sentenced to 295 months' imprisonment. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Lucas, 499 F.3d 769 (8th Cir. 2007). Lucas then filed a § 2255 motion in the District of Nebraska, which the district court denied. United States v. Lucas, No. 8:04CR44, 2009 WL 914246 (D. Neb. Mar. 30, 2009). The Eighth Circuit Court of Appeals declined to issue a certificate of appealability at C.A. No. 09-2331. Lucas filed the instant § 2241 petition in the Middle District of Pennsylvania[1] on June 16, 2015, arguing that he is entitled to relief because the Nebraska district court "fail[ed] to adjudicate four ineffective [assistance of counsel] claims on the merits." The District Court dismissed his petition without prejudice,[2] finding that he failed to demonstrate that

---

[1] Lucas was incarcerated at the United States Penitentiary at Lewisburg when he filed the instant petition.

[2] The Court dismissed his petition without prejudice to his filing a motion for reconsideration showing that "he is seeking relief based upon a new rule of law applicable to his case and that said new rule applies retroactively to matters on collateral review." He filed such a motion, and the Court denied it, finding that it failed to "present any facts or arguments which would undermine this Court's prior determination that the challenge to his federal conviction cannot be asserted via a § 2241 petition."

section 2255 is inadequate or ineffective to test the legality of his conviction.[3] This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's dismissal of Lucas' § 2241 petition. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). We may summarily affirm the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

We detect no error in the District Court's dismissal of Lucas' petition because his claims – which all relate to the validity of his federal conviction and sentence[4] – must normally be raised in a § 2255 motion. Because he has already filed one and lost on the merits, he may not file another without obtaining permission from an appropriate Court of Appeals. See 28 U.S.C. § 2255(h). And as the District Court explained, he may not use section 2241 instead unless he shows that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). None of his claims meet that standard. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Accordingly, we will summarily affirm the decision of the District Court.

---

[3] Lucas has also previously filed a § 2241 petition in the Eastern District of Kentucky, which the court denied, finding that 28 U.S.C. § 2241 "is not an available mechanism to pursue his claims." Lucas v. Berkebile, No. CIV.A. 7:11-00028, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012).

[4] More precisely, he challenges the Nebraska district court's resolution of his § 2255 motion. But he appealed that decision and lost, and cannot again challenge it in a § 2241 petition.