NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FAST 101 PTY LTD.,**
*Plaintiff-Appellant*

**v.**

**CITIGROUP INC., CITIBANK, N.A.,**
*Defendants-Appellees*

---

2020-1458

---

Appeal from the United States District Court for the District of Delaware in No. 1:19-cv-01819-RGA, Judge Richard G. Andrews.

---

Decided:  November 25, 2020

---

ROBERT R. BRUNELLI, Sheridan Ross P.C., Denver, CO, for plaintiff-appellant.  Also represented by MATTHEW CHRISTIAN HOLOHAN.

JOHN MOEHRINGER, Cadwalader, Wickersham & Taft LLP, New York, NY, for defendants-appellees.  Also represented by HOWARD WIZENFELD.

---

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge.*

Fast 101 Pty Ltd. (Fast 101) appeals from a decision of the United States District Court for the District of Delaware dismissing its complaint for failure to state a claim and denying its motion for leave to take targeted discovery and amend its complaint. The district court found that all claims of the asserted patents recite patent-ineligible subject matter under 35 U.S.C. § 101. We *affirm*.

BACKGROUND

Fast 101 brought suit against CitiGroup Inc. and Citibank, N.A. (collectively, Citi) alleging infringement of all claims of five of its patents: U.S. Patent Nos. 8,515,867 ('867 patent), 8,660,947 ('947 patent), 8,762,273 ('273 patent), 9,811,817 ('817 patent), and 10,115,098 ('098 patent) (collectively, the asserted patents). The asserted patents share a common written description and all relate "generally to data processing systems, and more particularly, to electronic trading and settlement systems," '867 patent col. 1 ll. 19–21. The asserted patents describe "an invoiceless trading system that creates incentives for customers to pay suppliers within a predetermined period of time, such as a settlement period." *Id.* at abstract. This system "enables a customer to obtain a discount on orders placed with suppliers in return for an immediate payment." *Id.* Claim 1 of the '867 patent is representative of all 234 asserted claims:

> 1. A system configured for electronic settlement of an order placed by a customer with a supplier comprising:
>
> one or more bank servers, at least one of the one or more bank servers receives a message related to the order, the message comprising at least an order amount;
>
> a database associated with at least one of the one or more bank servers that stores the order amount;

one or more processors associated with at least one of the one or more bank servers that determines an incentive amount, wherein the incentive amount is determined based at least in part on one or more fiscal attributes of the customer and the order amount; and

a payment gateway associated with at least one of the one or more bank servers, the payment gateway electronically transfers to a supplier account on a first date an early payment for the order, the supplier account associated with the supplier, wherein the early payment is less than the order amount by at least the incentive amount, and the payment gateway that electronically receives a customer payment from a customer account on a second date, the customer account associated with the customer, wherein the customer payment is not less than the early payment plus an interest amount, wherein the interest amount is based at least in part on a credit period, wherein the credit period is an amount of time between the first date and the second date.

*Id.* at claim 1; *see also Fast 101 Pty Ltd. v. Citigroup Inc.*, 424 F. Supp. 3d 385, 387–88 (D. Del. 2020) (finding claim 1 representative); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) ("Courts may treat a claim as representative . . . if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim.").

In response to Fast 101's complaint, Citi filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under which relief can be granted, arguing that all the asserted claims recite patent-ineligible subject matter under § 101. Fast 101 contended primarily in response that the asserted claims are valid and sought leave for targeted discovery and to amend its complaint. The district

court granted Citi's motion to dismiss and denied Fast 101 leave to amend and conduct targeted discovery.

Applying the Supreme Court's § 101 two-step inquiry from *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208, 217–18 (2014), the district court reasoned that the asserted claims are directed to the abstract idea of "an intermediated settlement system" with "a discount for early payment." *Fast 101*, 424 F. Supp. 3d at 390. The district court then concluded that "[n]one of the claimed elements, taken individually or as an ordered combination, provide the required inventive concept 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.'" *Id.* at 392 (citing *Alice*, 573 U.S. at 218). In denying Fast 101's motion for leave, the district court explained that leave would "be futile." *Id.* at 393. Fast 101 timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We apply the law of the regional circuit when reviewing a district court's disposition of a motion to dismiss for failure to state a claim. *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1092 (Fed. Cir. 2016). The Third Circuit "review[s] de novo a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007). We review de novo the determination that a claim is directed to patent-ineligible subject matter, *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016), and under Third Circuit law, we review "a district court's denial of leave to amend [] for abuse of discretion," *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).

Section 101 allows inventors to obtain patents on "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." The Supreme Court, however, has held that

certain categories of subject matter, including abstract ideas, are not eligible for patent protection under § 101. *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 70 (2012). "The abstract ideas category embodies the longstanding rule that an idea of itself is not patentable." *Alice*, 573 U.S. at 218 (internal brackets and quotation marks omitted). To determine whether claimed subject matter is patent eligible, we apply the two-step framework enumerated in *Alice*. *Id.* We first "determine whether the claims at issue are directed to a patent-ineligible concept." *Id.* If so, we "examine the elements of the claim to determine whether it contains an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Id.* at 221 (internal quotation marks omitted) (quoting *Mayo*, 566 U.S. at 72, 80). At each step, the claims should be considered as a whole. *See id.* at 218 n.3, 225.

## A

Applying *Alice* step one, we agree with the district court and Citi that the claims are directed to the abstract idea of an intermediated settlement system that employs a discount for early payment. As the district court explained, "[L]ike *Alice*, these claims describe a method of exchanging financial obligations between two parties by the use of a third-party intermediary." *Fast 101*, 424 F. Supp. 3d at 390. The asserted patents do, however, recite an element not found in the claims in *Alice*—an "incentive amount." '867 patent at claim 1. But we agree with the district court's further finding that this incentive amount, or discount, describes nothing more than the abstract idea of calculating an amount based on fiscal attributes, *see Fast 101*, 424 F. Supp. 3d at 390, just as we concluded in *Mortgage Grader, Inc. v. First Choice Loan Services Inc.*, 811 F.3d 1314, 1324 (Fed. Cir. 2016) (determining that generating a discounted loan price is an abstract idea). Fast 101 contends that the claims are directed to "an improved method

of obtaining an early payment for the supplier based on various attributes of the specific transaction using the claimed system," Appellant's Br. at 11–12, such improvements including "[i]ncreased cash flow" and "[c]ost reduction through automation and paper reduction," *id.* at 15 (citation and internal quotation marks omitted). This argument fails to persuade; the so-called improvements resulting from the claimed method are simply improvements attendant to using electronic systems. Contrary to Fast 101's contentions, these improvements do not demonstrate that the "[p]atents-in-[s]uit are drawn to a particular improvement in the function of prior art technology, and thus properly not considered drawn to an abstract idea." *Id.* at 14 (citation, internal quotation marks, and brackets omitted).

B

Under *Alice* step two, we conclude that the claims do not recite any inventive concept to render them patent eligible. Fast 101's main argument on appeal is that the asserted patents recite "numerous *technical* improvements to electronic trading systems," *id.* at 19, including "specialized gateway technology," *id.* We disagree. Just as the district court concluded, the claims refer to nothing more than well-understood, routine, and conventional technology components. *See Fast 101*, 424 F. Supp. 3d at 392. The claimed payment gateway cannot be construed as specialized in any sense. *See id.* at 391–92 and n.5 (explaining that the '867 patent's written description demonstrates an understanding that the gateway is nothing more than "conventional commercially-available browsers and products").

CONCLUSION

We have considered Fast 101's remaining arguments and are unconvinced. Further, Fast 101 has failed to provide any persuasive reason why the district court abused its discretion in denying leave to take targeted discovery and to amend because Fast 101 has not identified with

FAST 101 PTY LTD. v. CITIGROUP INC.                                    7

specificity any additional factual allegations or claim constructions that would render amendment and discovery not futile.  We therefore affirm.

## AFFIRMED