**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2938
_____

NEW JERSEY SECOND AMENDMENT SOCIETY,
A not for profit corporation of the State of New Jersey;
ALEXANDER ROUBIAN, Individually and in his capacity as
the President of the New Jersey Second Amendment Society
and in his capacity as a reporter and journalist for www.NJ2A.org,
Appellants

v.

NEW JERSEY PRESS ASSOCIATION;
JOHN DOES 1-20, Fictitious names for the yet to be identified members
of the New Jersey State Police Department,
Civilian Security and Decision Makers;
PEGGY STEPHAN ARBITELL, Individually and in her capacity as
the business manager for defendant NJPA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-20-cv-05228)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2023

Before: CHAGARES, *Chief Judge*, BIBAS, and MATEY, *Circuit Judges*.

(Filed  September 6, 2023)

_____

OPINION*
_____

MATEY, *Circuit Judge*.

The New Jersey Second Amendment Society and Alexander Roubian ("Appellants") challenged Roubian's denied press credentials and entry into press briefings. Neither has standing to sue the New Jersey Press Association ("NJPA") or Peggy Arbitell (collectively, "Appellees"), so we will vacate the District Court's judgment and remand with instructions to dismiss without prejudice.

**I.**

NJPA annually issued press credentials "to news organization employees [and] independent contractors who have regular contact with" first responders. Response Br. 1. Roubian applied for one in 2018 but was denied because his "organization is a civil advocacy group with a targeted topic/audience," not "a news organization covering news of a general nature." App. 183. Two years later, and still without a pass, Roubian was denied entry into press briefings with Governor Phil Murphy. Appellants sued NJPA and others, alleging violations of federal and state law.[1] After some defendants settled the matter, the District Court dismissed with prejudice Appellants' remaining claims. Appellants appeal that decision.

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Appellants alleged violations of the First and Fourteenth Amendments, the New Jersey State Constitution, and New Jersey statutory and common law.

## II.

We begin and end with standing because "[t]he Constitution gives federal courts the power to adjudicate only genuine 'Cases' and 'Controversies.'" *California v. Texas*, 141 S. Ct. 2104, 2113 (2021) (quoting U.S. Const. art. III, § 2). Standing is a jurisdictional requirement, *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007), so when its conditions are unmet, we have no authority under Article III to consider the merits of the case, *In re Boy Scouts of Am.*, 35 F.4th 149, 156 (3d Cir. 2022). A plaintiff has standing only if she "allege[s] personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *California v. Texas*, 141 S. Ct. at 2113 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Appellants have not.

*First*, Appellants contest Roubian's exclusion from the 2020 press briefings for lacking an acceptable entry credential. But that is not fairly traceable to NJPA's 2018 denial because the credentials are valid for only one year, and Roubian never alleged he applied again. In other words, "there was always a *zero* percent chance that" Roubian could have entered the 2020 briefings with the 2018 credentials since they would have long expired. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 198 (3d Cir. 2016). Arbitell's statement to state police that Roubian lacked valid NJPA credentials does nothing to change that fact. Appellants cannot sue Appellees for excluding Roubian from the briefings on this theory.

*Second*, Appellants challenge the denial of Roubian's 2018 application for NJPA credentials. But the factual allegations in Appellants' Second Amended Complaint and

3

filings before this Court center on one harm—Roubian's exclusion from the 2020 press briefings. And Appellants "must demonstrate standing for each claim [they] seek[] to press and for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (citation omitted). But, again, Roubian could not use a 2018 pass to enter a 2020 event. Because Appellants' claimed injury is not fairly traceable to NJPA's conduct, they lack standing to proceed with their suit.

**III.**

For these reasons, we will vacate the District Court's judgment and remand with instructions to dismiss without prejudice for lack of standing.